Rottin, C. J.
 

 This case brings up again the question, whether probable cause is matter of law, so as to mako jt the duty of the Court to direct the jury, that, if they
 
 *283
 
 find certain facts upon the evidence, or draw from them, certain other inferences of fact, there is or is not probable cause ; thus leaving the questions of fact to the jury, and keeping their effect, in point of reason, for the decision of the Court, as a matter of law. Upon that question, the opinion of all the
 
 Court is in the
 
 affirmative
 
 ;
 
 and therefore this judgment must be reversed.
 

 The point is concluded in this State by repeated adjudications. It was first presented in the case of
 
 Leggett
 
 v.
 
 Blount,
 
 N. C. Term, R. 123, in which the Judge told the jury, after the examination of many witnesses on both sides touching the alleged probable cause, that there was probable cause; and the judgment was reversed, because the Judge had assumed the decision of the whole case, including the facts, as well as the law. But it was distinctly admitted, or rather affirméd, there, that
 
 probable cause,
 
 as an abstract question, is one of law and to be decided by the Judge, according to the doctrine in
 
 John-stone. Sutton,
 
 1 T. R. 510, and the authorities therein cited; which establish, that upon a special plea and demurrer, or a special verdict, the Court determines that question, and that, even when there is a general verdict for the plaintiff, it is the province of the Court to say5 whether certain facts, appearing on the declaration, do not amount to probable cause. In the subsequent case of
 
 Plummer
 
 v.
 
 Gheen,
 
 3 Hawks 66, Chief Justice Taylor (who had tried the case of
 
 Leggett
 
 v. Blount,) delivered the opinion of this Court, and admitted that the Superior Court had explained to the jury correctly, what probable cause was, but yet held, that it was a question of law, whether the circumstances, being true, amounted to probable cause, and that the parties had a right to the opinion of the Court, distinctly on it; and the judgment was reversed, because upon very complicated and contradictory-evidence, the presiding Judge had left that question to the jury. In
 
 Cabiness
 
 v.
 
 Martin,
 
 3 Dev. 454, the presiding Judge decided the question
 
 of
 
 probable cause, and this
 
 *284
 
 Court reversed the judgment, not because he assumed what was not within his province, but because he had decided wrong, as we thought, by holding a certain fact, if found by the jury, to be probable cause, which we deemed not to be so. And, in the two cases of
 
 Swaim
 
 v.
 
 Stafford,
 
 4 Ire. 392 & 398, the question was again decided as matter of law — it being held, in the one case, that there was, and in the other, that there was not, probable cause. Such a series of decisions, in our own Courts, the same way, would protect the doctrine laid down in them from being drawn into debate now, even if we entertained doubts of its correctness originally. But, independent of authority, our reflections satisfy us, that the principle is perfectly sound. It is a question of reason, whether certain ascertained facts and circumstances, constitute a probable and rational ground for charging a particular person with a crime. If, indeed, the question was, what was the actual belief of the prosecutor, respecting the other’s guilt, it would be purely one of fact, and proper for the jury exclusively, as that of malice is. But that is not the question in such eases. It is true, indeed, as his Honor told the jury in thi's case, if a prosecutor knows the person, whom he accuses, to be innocent, or does not believe the apparent circumstances of
 
 suspicion
 
 against him, that then
 
 he
 
 has no probable cause for prosecuting, however other persons, not knowing or believing as he did respecting the evidence, might justly entertain suspicions of the party’s guilt. But while a prosecutor’s belief of the innocence of the person charged may deprive the former of the pretence of probable cause, it does not follow, e
 
 converso,
 
 that the prosecutor’s belief of the other’s guilt shall excuse him; for be must take care, that he acts only on a
 
 reasonable
 
 belief, a
 
 just
 
 suspicion ; in other words, that be bad, under tho circumstances in which ho was placed, as found in fact by the jury, a probable cause to think the party guilty, so that he might fairly and honestly, call him to answer tho charge. It is not, there
 
 *285
 
 fore, what a prosecutor believed, but what
 
 he ought
 
 to have believed, that justifies. If he has not the capacity to weigh the circumstances justly, or finds his dispositions towards a suspected person interfering with the coolness of his deliberations, and the impartiality of his conclusions, it is his plain duty to consult those,'whose passions are not heated, and whose knowledge Will enable them to judge more correctly, and not at once rashly to accuse an innocent person upon insufficient grounds. Now, our enquiry is, whether, for the determination of the question, as to the sufficiency or the insufficiency of the grounds of suspicion, supposing them to exist in fact, the Court or the jury be the more competent; and we think, very clearly, that the Court is, because it is a question of general and legal reasoning, and can best be performed by those, whose professional province and habit it is, to discuss, weigh, and decide on legal presumptions. The only argument against that is, the difficulty in cases of many and complicated facts, and contradictory evidence, as in
 
 Plummer
 
 v.
 
 Gheen,
 
 of properly separating to the comprehension of the jury, and to the satisfaction of the Judge, the matters of law and fact. But that only proves the difficulty of deciding such cases, whether by the Court or jury, and docs not at all help us in saying, whether this or that point should be decided by the one or the other. But, as was said by counsel in the case of
 
 Panton
 
 v.
 
 Williams,
 
 2 Adolph, and Ellis,
 
 N.
 
 S. 169, however great that difficulty may be, it is one which a Judge can deal with better than a jury ; as he does with reasonable time, due diligence, and legal provocation and the like ; and in the case just referred to,which was cited by the plaintiff’s counsel, the point now under consideration was. after elaborate discussion, decided in the
 
 Exchequer
 
 Chamber, upon a writ of error tor the
 
 Queen’s Bench.
 
 The Court held, unánimously, that in an action of this sort, if the defendant sets up facts,, as showing probable cause, the Judge musí determine,
 
 *286
 
 •whether the facts, if proved, or any of them, constitute such cause — leaving it to the jury to decide only, whether the facts, or those inferred from them, exist; and as that is so, when the facts are few and the case simple, it can» not be otherwise, when the facts are numerous and complicated. It would seem then, that making a question on this subject must be regarded as an attempt to move fixed things, and cannot be successful either in England or here.
 

 As the case goes back to another trial, on which the facts may appear differently, we think it unnecessary to consider those, that came out on the former trial, in reference to the question of probable cause, further than to remark, that few cases, perhaps, could better illustrate the danger of leaving that question to the discretion of a jury, whose decision of it is not susceptible of review in another Court.
 

 Pert Cüeiam. Judgment reversed, and a
 
 venire ele novar.