Battle, J.
 

 The question of probable cause, in an action for a malicious arrest in a civil suit, as well as in an action for a malicious prosecution ill a criminal proceeding, is one of law; and his Honor was correct in deciding it as such; He was also undoubtedly correct in holding, that if the jury found that the defendant knew that he had no cause of action against the plaintiff,
 
 *397
 
 as the testimony tended to show, there was no probable cause for the arrest. The question of malice in such action is, on the other hand, one of fact for the jury
 
 ;
 
 and his Honor was right in submitting it to them as such, instructing them at the same time, that they might infer it from the want of probable cause.
 
 Mitchell v.
 
 Jenkins, 5 Barn. & Adol. Rep., 588 (27 Eng. Com. L. Rep., 131).
 
 Sutton
 
 v. Johnston, 1 Term Rep., 510.
 
 Bell
 
 v. Piercy, 5 Ire. Rep., 83.
 

 The only remaining question is, whether the plaintiff was entitled to recover exemplary damages. In actions for slander, malicious prosecutions and wanton and malicious trespasses upon the person or property, it has been long settled in this State, that such damages may be given by the jury. In
 
 Gilreath
 
 v. Allen, 10 Ire. Rep., 67, which was an action for slander, the principle of all these cases is stated to be that “injuries sustained by a personal insult or an attempt to destroy character, are matters which cannot be regulated by dollars and cents. It is fortunate that while juries endeavor to give ample compensation for the injury actually sustained, they are allowed such full discretion as to make verdicts to deter others from flagrant violations of social duty. Otherwise, there would be many injuries without adequate remedy.” It is said further, that “ as malice must be proved, it is right that the damages should be in proportion to the degree of malice, and should not be restricted to a mere compensation for the injury actually done.”
 

 The principle, thus announced, applies as strongly to the case of malicious arrest, as to those to which we have seen it has heretofore been applied ; and his Honor therefore, committed no error in telling the jury that they might give exemplary damages by way of punishing the defendant.
 

 Pee. Curiam. Judgment affirmed.