STATE v. SMITH.

(Filed November 26, 1901.)

NOLLE PROSEQUI—*"With Leave"*—*Indictment*—*Trial.*

> Where a *"nolle prosequi* with leave" is entered, the solicitor may issue a *capias* without further leave of the court.

INDICTMENT against Joe Smith, heard by Judge *M. H. Justice* and a jury, at October Term, 1901, of the Superior Court of BURKE County.     There was a verdict of guilty and judgment thereon.     From refusal of the Court to discharge the defendant upon the ground that the Solicitor had no right to order a *capias* to issue, the defendant appealed.

*R. D. Gilmer, Attorney-General,* and *Brown Shepherd,* for the State.

*Self & Whitener,* for the defendant.

FURCHES, C. J.   At June Term, 1899, of Burke Criminal Court, the defendant was indicted for assault with deadly weapon, from which term a *capias* was issued, but not executed. At the next two succeeding terms of said Court, the case was continued and *alias capiases* ordered.   This was the last term of the Criminal Court in that county—the same having been abolished by the Legislature—and the case was transferred to the Superior Court for trial.   At May Term of the Supe-

rior Court, a "*nolle prosequi* with leave" was taken. And after that term, and before October Term of said Court, the Clerk, at the request of the Solicitor for that District, issued a *capias,* returnable to said October Term. Upon this *capias* the defendant was taken and bound over to Court, and at said October Term he appeared and moved to be discharged upon the ground that the Solicitor had no right to order a *capias* to issue, and that he was wrongfully arrested. This motion was refused, and the defendant excepted. The case was then proceeded with, the defendant convicted, sentence pronounced, and the defendant appealed.

A *nolle prosequi* is a discharge of the defendant, but not an acquittal. It is the end of the prosecution, unless it be with leave of the Court. And neither the Solicitor nor the Clerk has the right to authorize a *capias* to issue without such leave. *State v. Thornton,* 35 N. C., 256. But in that case, as it did not affirmatively appear that the Court had not given leave to issue the *capias,* the Court presumed that it had; as it must be presumed, in the absence of proof to the contrary, that Solicitors and Clerks would not have done so without such leave.

But this case is not put upon that ground by the State. The entry is "*nolle prosequi* with leave." The State says this entry is an abbreviation or memorandum of the order of the Court, and if it had been drawn in full, it would have shown that the Solicitor took the *nol. pros.,* with leave given him by the Court to issue another *capias* if he thought proper to do so, and the *capias* was not issued without leave of the Court, which was given at the time the *nol. pros.* was entered. Whether this is strictly a compliance with the rule laid down in *State v. Thornton, supra,* or not, it is, so far as we know, the universal practice in the Superior Courts of this State.

And while we recognize the fact that the Courts should control its processes, and see that it is not used to the oppres-

sion of the citizens of the State, it is also necessary to so use it as to bring offenders to trial and justice. If the Court thinks proper to grant such leave at the time the *nol. pros.* is entered, we do not see why it may not do so; and we do not feel like reversing a practice so universally adopted in the State.

There was another exception taken by the defendant as to the transfer of the case from the Criminal Court to the Superior Court. But this exception was not pressed on the argument, and we suppose is not relied upon. But if it is, the transfer seems to have been provided for by the Legislature.

As we see no error, the judgment is
Affirmed.