CECIL G. WILKINSON v. O. F. WILKINSON.

(Filed 24 April, 1912.)

1. **Malicious Prosecution — Nol. Pros. — Termination of Criminal Action.**

   Entering a *nol. pros.* in a criminal action is a sufficient termination thereof within the requirement for bringing an action for malicious prosecution.

2. **Same—Nol. Pros., "With Leave."**

   A criminal action is as much terminated by an entry of a *nol. pros.,* "with leave," as if an entry of a *nol. pros.* alone had been made, the effect being the discharge of the prisoner without day.

3. **Malicious Prosecution—Probable Cause—Mixed Facts and Law—Instructions—Questions for Jury.**

   The only difference between a general or unqualified *nol. pros.* and one "with leave" is that in the latter case the leave to issue a *capias* upon the same bill is given by the court in advance, instead of upon a special application made afterwards, which may be refused by the court in order to guard the citizen against any abuse of process.

4. **Malicious Prosecution—Probable Cause—Mixed Facts and Law—Instructions—Questions for Jury.**

   The question of probable cause, in an action for malicious prosecution, is a mixed one of law and fact, leaving for the jury to determine from the evidence, as a matter of fact, whether the circumstances of the case show the cause to be probable or not probable; but whether, supposing them to be true, they amount to a probable cause, is a question of law for the judge.

5. **Same—Appeal and Error.**

   In an action for malicious prosecution an instruction is held to be insufficient and erroneous in failing to charge the jury what would or would not be probable cause, as they might find the facts to be upon the evidence, and by which they were told only that if they found from the evidence the defendant procured the arrest of the plaintiff, and at the time the facts and circumstances were not such as would lead a man of ordinary caution and prudence reasonably to believe that the offense had been committed, there was not a probable cause for the prosecution.

6. Malicious Prosecution — Measure of Damages — Instructions — Punitive Damages.

 In this action for malicious prosecution it is held that the charge upon the measure of damages, though not as clear and explicit as it should have been, was not erroneous, and that punitive damages can only be allowed upon a finding of particular or actual malice by the jury. *Stanford v. Grocery Co.*, 143 N. C., 419, cited and applied.

APPEAL by defendant from *Cooke, J.*, at January Term, 1912, of DURHAM.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker*.

*Manning & Everett and Bryant & Brogden for plaintiff.*
*J. Crawford Biggs and Branham & Brawley for defendant.*

WALKER, J. This is an action for malicious prosecution. The defendant had caused the arrest and prosecution of the plaintiff, who was not related to him, upon the charge of having feloniously stolen certain admission tickets belonging to him as proprietor of the Arcade Theater in Durham. The criminal proceedings were brought before the recorder, and when the solicitor stated that he had not been able to examine the case, and the defendant insisted upon an immediate trial, a *nol. pros.,* with leave, was entered at the suggestion of the recorder, in order to preserve the rights of the State, but the prosecution of the case was never renewed. It is now contended that this was not a sufficient determination of the proceeding to authorize the bringing of this suit. It was held, though, in *Hatch v. Cohen,* 84 N. C., 602, and *Marcus v. Bernstein,* 117 N. C., 31, that a *nolle prosequi* is a legal determination of the original suit within the meaning of the law concerning malicious prosecution. But defendant contends that this rule does not apply to a *nol. pros., with leave,* as in the latter case the prosecution is kept on foot, or, in other words, is not ended. This, we think, is a misapprehension of the true reason upon which those cases were decided. A *nol. pros.,* in criminal proceedings, is nothing but a declaration on the part of the solicitor that he will not, at that time, prosecute the suit further.

Its effect is to put the defendant without day, that is, he is discharged and permitted to go whithersoever he will, without entering into a recognizance to appear at any other time. It is not an acquittal, it is true, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment, and he be tried upon it. To prevent abuse, the power of the solicitor to issue new process upon the same bill is checked and restrained by the fact that a *capias,* after a *nol. pros.,* does not issue, as a matter of course, upon the mere will and pleasure of the officer, but only upon permission of the court, which will always see that its process is not abused to the oppression of the citizen. This was laid down, as fully as we have stated it, in *S. v. Thornton,* 35 N. C., 256, and ever since has been considered to be the settled practice. The only difference between a general or unqualified *nol. pros.* and one "with leave" is that in the latter case the leave to issue a *capias* upon the same bill is given by the court in advance, instead of upon a special application made afterwards. *S. v. Smith,* 129 N. C., 546. Referring to this kind of *nol. pros.,* the Court, in *S. v. Smith, supra,* said: "While we recognize the fact that the court should control its process, and see that it is not used to the oppression of the citizens of the State, it is also necessary to so use it as to bring offenders to trial and justice. If the court thinks proper to grant such leave at the time the *nol. pros.* is entered, we do not see why it may not do so; and we do not feel like reversing a practice so universally adopted in the State." The suit is terminated as much by one form of entry as by the other, because in both the prisoner is discharged without day, and that seems to be the true test. In both he can be taken upon a fresh *capias,* in one by special order and in the other under the general leave to issue. Our opinion is, therefore, against the defendant on this point.

But we think there is error in the charge of the court upon the question of probable cause. The court charged the jury as follows: "If you find from the evidence in this case, and by the greater weight thereof, that the defendant procured the arrest of the plaintiff on a charge of stealing tickets, and at the time the facts and circumstances were not such as would

lead a man of ordinary caution and prudence reasonably to be-
lieve that such offense had been committed, and that the plain-
tiff was guilty of committing the offense, then there was not
probable cause for the prosecution." The decisions of this and
many other courts are to the effect that the judge must instruct
the jury as to what facts, if found by them, will show that
there was or was not probable cause. We have followed the
ruling in the celebrated case of *Johnstone v. Sutton,* 9 T. R.
(1 Dumf. & East), 510, 545, where it was held that the question
of probable cause is a mixed proposition of law and fact.
Whether the circumstances alleged to show the cause to be
probable or not probable are true and existed, is a matter of
.fact; but whether, supposing them to be true, they amount to
a probable cause, is a question of law; and upon this distinc-
tion, *Lord Mansfield* said, proceeded the case of *Reynolds v.
Kennedy,* 1 Wilson, .232. This case was approved in *Stewart
v. Sonneton,* 98 U. S., 187. Following the rule of *Johnstone v.
Sutton, supra,* this Court decided, in *Plummer v. Gheen,* 10
N. C., 66, that the parties are entitled to the· opinion of the
court upon the facts as they may be found by the jury, as to
whether there was probable cause or not, and *Chief Justice Tay-
lor* said: "As the question of probable cause is compounded of
law and fact, the defendant had a right to the opinion of· the
court distinctly on the law, on the supposition that he had estab-
lished, to the satisfaction of the jury, certain facts. Whether
the· circumstances were true was a question for the jury;
whether, being true, they amounted to probable cause, is a
question of law." In the later case of *Beale v. Roberson,* 29
N. C., 280, the Court said: "This case brings up again the
question whether probable cause is matter of law, so as to
make it the duty of the court to direct the jury that, if they
find certain facts upon the evidence, or draw from them certain
other inferences of fact, there is or is not probable cause; thus
leaving the questions of fact to the jury, and keeping their
effect, in point of reason, for the decision of the court, as a
matter of law. Upon that question, the opinion of the Court is
in the affirmative, and therefore this ·judgment must be re-
versed." The Court then reviewed the authorities and thus

commented upon them, and established the rule as we have stated it: "Such a series of decisions, in our own courts, the same way, would protect the doctrine laid down in them from being drawn into debate now, even if we entertained doubts of its correctness originally. But independent of authority, our reflections satisfy us that the principle is perfectly sound. It is a question of reason, whether certain ascertained facts and circumstances constitute a probable and rational ground for charging a particular person with crime." And after remarking that it is not the prosecutor's belief of the other's guilt. which will excuse him, for he must take care that he acts only on a *reasonable* belief, a *just* suspicion, the Court further said: "Now, our inquiry is, whether, for the determination of the question as to the sufficiency or the insufficiency of the grounds of suspicion, supposing them to exist in fact, the court or the jury be the more competent; and we think, very clearly, that the court is, because it is a question of general and legal reasoning, and can best be performed by those whose professional province and habit it is to discuss, weigh, and decide on legal presumptions. The only argument against that is the difficulty in cases of many and complicated facts and contradictory evidence, as in *Plummer v. Gheen,* of properly separating, to the comprehension of the jury and to the satisfaction of the judge, the matters of law and fact. But that only proves the difficulty of deciding such cases, whether by the court or jury, and does not at all help us in saying whether this or that point should be decided by the one or the other." The Court, therefore, held, upon the added authority of *Panton v. Williams,* 2 Ad. and El. (N. S.), 169, that "In an action of this sort the judge must determine whether the facts, if proved, or any of them, constitute such cause, leaving it to the jury to decide only whether the facts, or those inferred from them, exist; and as that is so when the facts are few and the case simple, it cannot be otherwise when the facts are numerous and complicated. It would seem, then, that making a question on this subject must be regarded as an attempt to move fixed things, and cannot be successful either in England or here. As the case goes back to another trial, on which the facts may appear differently, we

WILKINSON *v.* WILKINSON.

think it unnecessary to consider those that came out on the former trial, in reference to the question of probable cause, further than to remark that few cases, perhaps, could better illustrate the danger of leaving that question to the discretion of a jury, whose decision of it is not susceptible of review in another court." This has been considered as the leading case upon the subject, and has been followed in all subsequent cases as stating the law correctly. The instruction in *Beale v. Roberson* was substantially like that given in this case, and was held to be erroneous. The following more recent cases assert the same doctrine, and approve *Beale v. Roberson, supra; Swaim v. Stafford,* 26 N. C., 392; *Vickers v. Lagan,* 44 N. C., 393; *Bradley v. Morris, ibid.,* 395, and *Jones v. R. R.,* 125 N. C., 227, which is directly in point.

In *Smith v. Deaver, Judge Battle* thus sums up the matter: "What is probable cause is a question of law, to be decided by the court upon the facts as they may be found by the jury. *Beale v. Roberson,* 29 N. C., 280; *Vickers v. Logan,* 44 N. C., 393. As a guide to the court, it is defined to be 'the existence of circumstances and facts sufficiently strong to excite, in a reasonable mind, suspicion that the person charged with having been guilty was guilty. It is a case of apparent guilt as contradistinguished from real guilt. It is not essential that there should be positive evidence at the time the action is commenced, but the guilt should be so apparent at the time as would be sufficient ground to induce a rational and prudent man, who duly regards the rights of others as well as his own, to institute a prosecution; not that he knows the fact necessary to insure a conviction, but that there are known to him sufficient grounds to suspect that the person he charges was guilty of the offense."

The cases of *Brooks v. Jones,* 33 N. C., 261; *Kelly v. Traction Co.,* 132 N. C., 372; *Downing v. Stone,* 152 N. C., 527, cited by plaintiff's counsel, do not sustain the instruction. The Court, in those cases, was dealing with a question of malice.

In *Downing v. Stone, supra, Justice Hoke* applies the rule as we have stated it, when he says: "Where it is proven that legal advice was taken by a prosecutor, this, too, is a relevant

circumstance in connection with other facts, admitted or established, to be considered by the *court* in determining the question of probable cause. *Morgan v. Stewart,* 144 N. C., 424; *R. R. v. Hardware Co.,* 143 N. C., 58." He expressly adopts the rule in *Morgan v. Stewart, supra,* in the following words, citing the cases: "It is accepted doctrine with us that, on facts admitted or established, the question of probable cause is one of law for the court. *Jones v. R. R.,* 125 N. C., 229; *Bradley v. Morris,* 44 N. C., 395; *Swaim v. Stafford,* 26 N. C., 392." See, also, Newell on Malicious Prosecution, secs. 276 and 277; 16 Am. and Eng. Enc. (2 Ed.), p. 669.

Unless we overrule the many cases which have been decided by us and have settled the rule, we must hold that the judge's instruction was insufficient, and left to the jury to decide what he should have decided for them, that is, whether upon any given state of facts which may have been found by the jury there was or was not probable cause. As it is, the jury were only required to apply a definition of probable cause to the facts, without any opinion of the court to guide them, as to how the law considered the different phases of the evidence. This was a clear violation of the rule, if we are to adhere to it. We think there was evidence for the jury to consider as to whether there was probable cause or not. The facts are not complicated, but simple, and it should not be difficult to arrange them so as to inform the jury clearly upon the law. This error of the court requires us to remand the case for a new trial. We will add that, in our opinion, there was no positive error in the charge upon the question of damages, although it was not as full and explicit as it might have been. We do not understand the charge to mean that plaintiff can recover punitive damages upon proof of general malice, such as would be sufficient to establish liability, but only upon proof of particular or actual malice, as defined in the cases. See *Stanford v. Grocery Co.,* 143 N. C., 419, where this question is discussed.

New trial.