W. S. SPENCER v. D. G. SAUNDERS.

(Filed 18 February, 1925.)

**Register of Deeds — Marriage License — Statutes — Issues—Evidence—Questions for Jury—Instructions—Appeal and Error.**

In an action by the father against the register of deeds to recover the penalty for his issuing a marriage license to his daughter under 18 years of age, C. S., 2503, it is a question of law for the court when the facts are admitted or not controverted, but otherwise for the jury, it then being for the court to instruct them in the law arising upon the evidence in the case, as to the recoverable injury, and upon exception aptly taken, his failure to do so is reversible error.

APPEAL by plaintiff from *Allen, J.,* at October Term, 1924, of HYDE.

Civil action to recover the penalty for issuing a marriage license in breach of C. S., 2503.

The plaintiff requested the following instructions: "If you find from the evidence that plaintiff's daughter, Lillian Harris, at the time of the issuance of the license, was under 18 years of age, and that plaintiff had not given his consent to the marriage, and find further that the defendant relied upon the statement of the prospective bridegroom and defendant's own estimate of the age of the plaintiff's daughter, without having personal knowledge of her age and without making further inquiry, then the defendant did not make such reasonable inquiry as required by law, and it would be your duty to answer the second issue 'Yes.'"

The court gave this instruction, but added the following: "But if he ·relied upon the statement of the bridegroom, and if he knew the prospective bridegroom and also the prospective bride, and he knew that he was of good character, and knew of her size and appearance, and he thought or believed, from her size and appearance, that she was a girl of 18, and she appeared to be to him 18 years old, he knowing both par-

ties; and you find by the greater weight of the evidence that he acted reasonably, and that it appeared to him probable that she was 18 years of age, and, without making further inquiry, he issued the license; if these facts are shown to you by the greater weight of the evidence, then you will answer the second issue 'No.' If, however, upon his own knowledge and such inquiry as he did make, if you find by the greater weight of the evidence that it was not a reasonable inquiry, and he issued the license without reasonable inquiry and without probable grounds to believe she was 18 years of age, then you will answer the second issue 'Yes.' In other words, the test is this, as I have said: did it appear probable and reasonable to him that she was 18 or more? That is a question for you to answer, from the evidence and by the greater weight of the evidence—was that sufficient and did it appear probable to him, as register of deeds, that she was over 18 years of age? And if it did so appear, with his own knowledge and with the inquiry that he did make, he would not be required to go further, and he would not be liable in this action."

The plaintiff excepted.

The following verdict was returned:

1. Was the plaintiff's daughter, Lillian Harris, under 18 years of age at the time of the issuance of the marriage license? Answer: "Yes."

2. Did the defendant issue the marriage license without reasonable inquiry? Answer: "No."

3. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: "None."

Judgment. Appeal by plaintiff.

*Walter L. Spencer for plaintiff.*
*S. S. Mann for defendant.*

PER CURIAM. Every register of deeds who, knowingly or without reasonable inquiry, issues a license for the marriage of any two persons to which there is any lawful impediment, or where either of the persons is under the age of 18 years, without the consent required by law, shall forfeit and pay two hundred dollars to any parent, guardian or other person standing *in loco parentis* who sues for the same. C. S., 2503.

Reasonable inquiry, within the meaning and intent of this statute, is a question of law for the court, upon facts admitted or found by the jury. If the facts are admitted, it is the duty of the court to instruct the jury whether they are sufficient to constitute reasonable inquiry; if they are in controversy, it is the duty of the court to instruct the jury that certain facts to be determined from the evidence do or do not constitute reasonable inquiry. *Gray v. Lentz,* 173 N. C., 346; *Wilkinson v. Wilkinson,* 159 N. C., 265.

After adopting the plaintiff's prayer, the trial court gave an additional instruction, which submitted to the jury as an issuable fact the legal question involved in the statutory requirement. In other words, the jury were permitted to exercise their judgment ·as to whether the defendant's inquiry was reasonable without any legal standard for determining whether their finding did or did not disclose reasonable inquiry within the meaning of the statute. They. may have concluded. the inquiry was reasonable upon a finding of facts which was altogether insufficient in law for that purpose.

There was error in the instruction, which entitles the plaintiff to a New trial.