### W. H. RAWLS v. MRS. W. P. BENNETT.

(Filed 18 March, 1942.)

**1. Malicious Prosecution § 9—Evidence held to show probable cause as matter of law, and nonsuit should have been allowed.**

Plaintiff, in a prior action against him for an accounting, made statements under oath upon adverse examination, which statements were sufficient to afford a person of ordinary caution reasonable ground to believe he was guilty of embezzlement, and constituted the basis of the prosecution of defendant for that crime. A verdict of acquittal was directed in the embezzlement prosecution, and plaintiff instituted this action for malicious prosecution. *Held:* The statements made by plaintiff on the adverse examination, introduced in evidence by defendant in the action for malicious prosecution, establish probable cause as a matter of law, and defendant's motion to nonsuit should have been allowed.

**2. Malicious Prosecution § 3—**

The question of probable cause is to be determined by the facts as they appeared to defendant at the time, and when plaintiff has made statements under oath which reasonably incite a strong suspicion of his guilt, upon which defendant relied in instigating the prosecution, plaintiff's explanation of the statements upon the trial of his action for malicious prosecution does not affect the question of probable cause.

**3. Same—**

When the facts are admitted or established, the question of probable cause is one of law for the court.

APPEAL by defendant from *Johnson, Special Judge,* at September Term, 1941, of HALIFAX.

Civil action to recover damages for an alleged malicious prosecution.

At the March Term, 1938, Pender Superior Court, the grand jury, upon information furnished by the defendant herein, made presentment against the plaintiff for embezzlement. Thereafter, at the October Term, 1938, upon evidence furnished by the defendant herein, the grand jury returned a true bill against the plaintiff for embezzlement.

At the October Term, 1939, the plaintiff was put on trial under the above mentioned indictment for embezzlement, and a directed verdict of "not guilty" was entered in the cause.

This action for malicious prosecution was instituted 7 December, 1939, and was tried at the September Term, 1941, Halifax Superior Court, resulting in verdict and judgment for plaintiff.

It is in evidence that the plaintiff was manager, secretary and treasurer, of the Rawls Motor Sales and Service, Inc., of Burgaw, N. C.; that the defendant, as administratrix and legatee of her husband's estate, had an interest in said company; that she caused a civil action to be instituted against the said W. H. Rawls for an accounting, alleging that she was unable to obtain any satisfactory information from him relative to the business and that he had departed for Roanoke Rapids, N. C., and abandoned the motor sales business in Burgaw.

In this civil action W. H. Rawls was examined adversely before the Clerk of the Superior Court of Halifax County and testified, under oath, *inter alia,* as follows: "Q. Did you deposit all monies received as an officer of the Rawls Motor Sales and Service, Inc., in this bank (First-Citizens Bank & Trust Company)? A. All except what was paid out in cash. Q. You then did not deposit all the funds of the corporation in the bank? A. No, sir. . . . Q. I am asking you how much did you collect from all accounts receivable after the sale of McMillan and Cameron chattel? A. Well, I may have collected from $75.00 to $100.00. . . . Q. Mr. Rawls, after this sale, you received $450.00 from Bruce Bannerman, did you not? A. Yes, sir. Q. And you signed the title Rawls Motor Sales & Service, Inc., by W. H. Rawls, Secretary, and received this money, did you not? A. Yes, I received the money. Q. Did you ever report this? A. No. Q. Did you ever report this to the officers of the company? A. No, sir. . . . Q. As a part of the down payment on this (new Plymouth) car, I am asking you did you not transfer as an officer of the Rawls Motor Sales & Service, Inc., a title to two repossessed cars? A. I don't remember how they were trans-

ferred. Q. You turned over to them two cars, though, didn't you? A. Yes. Q. And took title in your own name? A. Yes. . . . Q. Mr. Rawls, don't you know that Mr. Coburn, Dr. Johnson and Mrs. Bennett have written you and I have written you trying to get a financial statement covering your handling of this concern? A. Some lawyer wrote me—I reckon it was you. Q. And up to this date we have not been able to get a financial statement from you nor the information as to where the records of the company are now located? A. I told you where they were. Q. Well, you have today, but you haven't up to this time, have you? A. No."

Following this examination, Mrs. Bennett, upon advice of her counsel, had a conference with the solicitor of the Eighth Judicial District and was advised by him to submit a copy of the examination to the grand jury, which she did, with the sequence of events as above detailed.

Upon the trial of the criminal prosecution, the foregoing examination taken in the civil action was ruled incompetent, and a verdict of acquittal was thereupon directed.

The defendant appeals, presenting for review the refusal of the court to grant her motion for judgment of nonsuit.

  *Allsbrook & Benton* and *Clifton L. Moore* for plaintiff, appellee.
  *C. C. Holmes* and *Dunn & Johnson* for defendant, appellant.

STACY, C. J. The criminal prosecution of which the plaintiff here complains was the result of admissions made by the plaintiff in the civil action brought against him for an accounting in his capacity as manager, secretary and treasurer of Rawls Motor Sales and Service, Inc. The defendant, her counsel, the solicitor and the grand jury all acted upon the adverse examination in that suit. It afforded a reasonable ground for one of ordinary caution "to believe, or to entertain an honest and strong suspicion," that the plaintiff was guilty. *Stacey v. Emery,* 97 U. S., 642. In a very real sense, then, it may be said the plaintiff was the author of the indictment. At least, he furnished "probable cause" for it. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446. This defeats the present action. *Wilkinson v. Wilkinson,* 159 N. C., 265, 74 S. E., 740.

It is true the plaintiff now undertakes to explain the admissions made by him in the adverse examination above mentioned, and did explain them to the satisfaction of the jury. But at the time of the institution of the criminal prosecution, which forms the basis of the present action, these admissions stood without explanation and were sufficient to excite, in a reasonable mind, just suspicion of the plaintiff's guilt. *Smith v. Deaver,* 49 N. C., 513. The conduct of the defendant is to be judged as of that time. The examination, as it then stood, unexplained, constituted

probable cause for the indictment. *Beale v. Roberson,* 29 N. C., 280. "It is accepted doctrine with us that, on facts admitted or established, the question of probable cause is one of law for the court"—*Hoke, J.,* in *Morgan v. Stewart,* 144 N. C., 424, 57 S. E., 149.

Judgment of nonsuit will accordingly be entered.

Reversed.