P. D. PERRY v. A. G. HURDLE AND H. H. LAYDEN.

(Filed 22 September, 1948.)

**1. Arrest § 1b—**

Within the limits of the city a police officer may summarily and without warrant arrest a person for a misdemeanor committed in his presence, but it is the duty of the officer to inform the person arrested of the charge against him and to immediately swear out a warrant before an authorized person, giving the person arrested opportunity to provide bail and communicate with counsel and friends. G. S., 160-21 ; G. S., 15-46.

**2. Arrest § 11—Action for wrongful arrest will not lie where officers follow prescribed procedure in making arrest without warrant.**

In this action for wrongful arrest and assault, the record disclosed that defendant police officers arrested plaintiff on the streets of their city, advised him he was under arrest and took him immediately to the police station where a warrant was sworn out by one of the officers and issued by the officer authorized by statute to do so. Plaintiff failed to provide bail and was committed to jail. The evidence tended to show that plaintiff was apparently committing a misdemeanor in their presence and there was no evidence that the officers used violence or undue force or acted from any improper motive. *Held:* Defendants' motion to nonsuit was properly allowed, it appearing that the officers acted in substantial conformity with prescribed procedure in making the arrest without a warrant.

**3. Malicious Prosecution § 8—**

In an action for malicious prosecution the burden is upon plaintiff to show termination of the criminal action in his favor and also that it had been instituted without probable cause and was prompted by malice, either actual or constructive, by a showing that the arresting officers acted without reasonable grounds to believe him guilty of an offense.

**4. Malicious Prosecution § 5—**

A *nolle prosequi* with leave upon failure of the jury to agree upon a verdict is a final determination of a criminal action for the purpose of an action for malicious prosecution.

**5. Malicious Prosecution § 3—**

A police officer acts with probable cause in making an arrest if the apparent facts are such as to lead a discreet and prudent person to believe that a criminal offense had been committed by the party charged, even though subsequently it be shown that the person arrested and prosecuted was not guilty of the offense.

**6. Trial §§ 22a, 22b—**

Upon motion to nonsuit, plaintiff's evidence must be considered in the light most favorable to him, but defendant's evidence may also be considered in so far as it tends to explain or make clear plaintiff's evidence.

**7. Malicious Prosecution § 10—Evidence held to show that officers had probable cause for arresting plaintiff, and nonsuit in action for malicious prosecution was proper.**

Plaintiff's testimony tended to show that late at night he stopped his car at an intersection of streets in a city with which he was familiar, and slept for more than an hour, that upon awakening he was confused as to where he was and drove along a street other than the one he intended, and that when accosted and questioned by officers as to where he was going he asked information as to a certain highway. One of plaintiff's witnesses testified that on the evening before, defendant had a quart bottle of eggnog, two-thirds empty, in his automobile. The officers testified that they found a bottle which had contained eggnog, not entirely empty, with the odor of alcohol about it, in plaintiff's car at the time of his arrest. *Held:* Plaintiff's evidence, together with the testimony of the officers tending to explain and clarify it, discloses that the officers had reasonable ground to believe that plaintiff was driving under the influence of intoxicating liquor, and therefore the evidence is insufficient to show want of probable cause or constructive malice, and defendant officers' motion to nonsuit in plaintiff's action for malicious prosecution was properly allowed.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at May Term, 1948, of PASQUOTANK. Affirmed.

This was an action to recover damage for wrongful arrest and malicious prosecution of the plaintiff by the defendants who are police officers of Elizabeth City. Defendants admitted they arrested the plaintiff, but allege this was for a misdemeanor committed in their presence.

On the trial the plaintiff testified that he was a resident of Portsmouth, Virginia, 64 years of age, and that on 27 December, 1946, he drove to Elizabeth City for the purpose of calling on a lady with whom he had been keeping company. Arriving in the afternoon, he engaged a room at the Y. M. C. A., and between 7 and 8 o'clock called on the lady who lived on Parsonage Street. He remained there until 12 o'clock, then drove along Parsonage Street to Route 17, turned right and proceeded to the intersection of Main Street by the New Southern Hotel. He said, "I stopped there to decide where to park my car." The night was "warm and comfortable" and he went to sleep. "I kind of overslept myself. I reckon I slept an hour or maybe more." He had known Elizabeth City all his life. He woke up and drove across Main Street and along another street. "I thought I was on Main Street. I had been asleep, and I was on that route and I realized at that time (when accosted by the policemen) that I was not on Main Street where I was taking the car to park." The defendants, policemen in uniform patrolling the streets, called plaintiff (they said he was on South Road Street traveling south), and asked him where he was going. Plaintiff testified he realized he was not on Main Street, and replied, "Can you give me a little information about Route 17?" The defendants then opened the

door of his automobile, asked to be shown his driver's license and searched his automobile. Then he was required to drive to where the police car was parked, and then they took him by the arm and put him in the police car. He asked, "What is the matter—anything wrong with my car?" and they said, "Officers have got you now and you have got to say nothing." He was taken to police station, and then to jail and locked up. No warrant was read to him until next morning when the warrant in the record was read to him. This had been sworn out by defendant Layden and issued by the City Warrant Officer Sergeant Pritchard, charging plaintiff with operating a motor vehicle while under the influence of intoxicating liquor or narcotic drugs. Plaintiff gave bond and was released. The case was transferred to the Superior Court for trial. At June Term, 1947, the case was heard and resulted in a mistrial, the jury failing to agree. The solicitor learning the jury stood 11 to 1 for acquittal, subsequently entered nol. pros. with leave. The present action was begun 1 August, 1947. Plaintiff testified he had had nothing to drink, was sober, and had violated no law. Two witnesses, who saw him that evening, testified they saw no indication of intoxication, though one testified, "I saw eggnog in his car down there at Perry's parking lot. That was at 6 o'clock in the evening. The bottle was over two-thirds empty." There was no evidence the defendants had ever seen the plaintiff before that night.

The defendants testified that while they were on patrol duty in the early hours of 28 December they observed the plaintiff driving on South Road Street, his automobile swerving from side to side. They stopped him and detected the odor of alcohol on his breath. They found under the seat beside him a small quantity of eggnog in a quart bottle. He was unsteady on his feet and talked thick-tongued. They arrested him for driving while under the influence of intoxicating liquor, took him to the police station and swore out warrant before the Warrant Officer Sergeant Pritchard. On plaintiff's failure to give bail he was committed to jail. Some hours later he gave bail and was released. The defendants testified as witnesses at the trial but took no other part in the prosecution.

At the conclusion of all the evidence defendants' renewed motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

W. L. Whitley and W. L. Whitley, Jr., for plaintiff, appellant.
J. W. Jennette for defendants, appellees.

Devin, J. A police officer within the limits of the city which has clothed him with authority, like a sheriff or constable, may summarily

and without warrant arrest a person for a misdemeanor committed in his presence. This is a necessary concomitant of police power and essential for police protection. But in such case it is the duty of the officer to inform the person arrested of the charge against him and immediately take him before someone authorized to issue criminal warrants and have warrant issued, giving him opportunity to provide bail and communicate with counsel and friends. G. S., 160-21; G. S., 15-46; *Martin v. Houck,* 141 N. C., 317, 54 S. E., 291; 15 N. C. L., 101.

It sufficiently appears from the record in this case that the plaintiff was arrested on one of the streets of the city of Elizabeth City between the hours of 1 and 2 o'clock a.m., 28 December, by the defendants who were at the time regular police officers of the city; that the plaintiff was advised he was under arrest and was taken immediately to the police station where a warrant was sworn out by one of the defendants. The warrant was issued by the officer authorized by statute so to do, and upon the plaintiff's failure to provide bail he was committed to jail. Later in the morning he was released on bond. As the defendants on this occasion seem to have acted in substantial conformity to prescribed procedure in making an arrest without a warrant, and there was no evidence of violence or undue force, the causes of action, if sufficiently alleged, for assault and false imprisonment cannot be maintained. The plaintiff was a stranger to the officers and there was no evidence of improper motive. True, the plaintiff in his brief questions the constitutionality of the statute authorizing the appointment of a warrant officer to issue warrants, and argues the warrant was void. But we do not concur in this view or that the officers should be held liable in damages for having complied with the statute.

However, the plaintiff's complaint sufficiently alleges a cause of action for malicious prosecution. *Melton v. Rickman,* 225 N. C., 700, 36 S. E. (2d), 76. In order to maintain an action for damages on this ground it was incumbent upon the plaintiff not only to show termination of the criminal action in his favor, but also that it had been instituted without probable cause and prompted by malice. It appears that following the failure of the jury to agree on the trial of the criminal action, a *nolle prosequi* with leave had been entered. This would constitute a final determination of the case for the purposes of this action. *Wilkinson v. Wilkinson,* 159 N. C., 265, 74 S. E., 740. There was no evidence of express malice toward the plaintiff on the part of the defendants. But the plaintiff relies upon absence of probable cause for his arrest and prosecution as affording evidence of malice. *Mitchem v. Weaving Co.,* 210 N. C., 732, 188 S. E., 329. This brings us to the determinative question whether there was evidence of want of probable cause. The rule has been established and frequently stated in the decisions of this

Court that when one acts upon appearances in making an arrest and preferring a criminal charge, and the apparent facts are such as to lead a discreet and prudent person to believe that a criminal offense has been committed by the party charged, though it turns out he was mistaken and the party accused innocent, still he is justified. It is a case of apparent rather than actual guilt. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446. The existence of circumstances and facts strong enough to excite in a reasonable mind the well-founded belief that the person charged is guilty would be sufficient to protect a police officer who acts in good faith, though it be subsequently shown the person arrested and prosecuted was not guilty of the offense. *Wilson v. Mooresville,* 222 N. C., 283, 22 S. E. (2d), 907; *Rawls v. Bennett,* 221 N. C., 127, 19 S. E. (2d), 126; *Parrish v. Hewitt,* 220 N. C., 708, 18 S. E. (2d), 41; *Miller v. Greenwood,* 218 N. C., 146, 10 S. E. (2d), 708; *Hicks v. Nivens,* 210 N. C., 44, 185 S. E., 469; *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492; *S. v. Campbell,* 182 N. C., 911, 110 S. E., 86; *S. v. Blackwelder,* 182 N. C., 899, 109 S. E., 644; *S. v. McNinch,* 90 N. C., 699.

The burden of proof was upon the plaintiff to show that the defendants acted without reasonable grounds to believe him guilty of driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs, and that there was absence of probable cause for making the arrest and causing warrant therefor to issue. In determining the motion for nonsuit the plaintiff's evidence must be considered in the light most favorable for him.

Applying these rules, it appears from the plaintiff's testimony that at midnight on December 27th-28th he was driving along the streets of a city with which he was familiar, and stopped his automobile at a well-known intersection on Main Street near one of the city's hotels, and there went to sleep in his automobile and slept for more than an hour; that he then awoke and started his automobile and drove across Main Street and along another street, and was confused as to where he was or where he wished to go; and when the officers questioned him answered inconsequentially; that though he testified he had had nothing to drink that night and was sober, one of his witnesses testified that at 6:00 p.m. the evening before plaintiff had a quart bottle of eggnog, two-thirds empty, in his automobile. This testimony taken in connection with and as clarified by the testimony of the officers that a bottle which had contained eggnog, not entirely empty, with the odor of alcohol about it, was in plaintiff's automobile when he was arrested, tended to weaken plaintiff's denial that he had had nothing to drink, and to give point to the suspicion of intoxication.

We think the actions of the plaintiff under the circumstances as shown by his own evidence, and as explained and made clear by defendants' evidence (*Gregory v. Ins. Co.,* 223 N. C., 124, 25 S. E. (2d), 398), were such as to afford reasonable ground for suspicion and were such as "would lead a man of ordinary caution to believe, or to entertain an honest and strong suspicion" that the plaintiff was driving while under the influence of intoxicating liquor. *Stacey v. Emery,* 97 U. S., 642; *Rawls v. Bennett, supra.* The defendants were charged with the duty of suppressing crime and apprehending those who violate the law, and there is nothing in the testimony here to negative good faith on their part in the performance of this duty.

We conclude that the judgment of nonsuit was properly entered.

Affirmed.