STATE v. PETER KLOPFER.

(Filed 14 January, 1966.)

1. **Criminal Law § 30—**

   After a *nolle prosequi,* the cause can be replaced on the docket by the solicitor only with the consent of the court, while a *nolle prosequi* with leave implies the consent of the court, and the solicitor may have the case restored for trial without further order.

2. **Same;   Constitutional Law § 30—**

   In this prosecution of defendant for trespass, the jury was unable to agree and a mistrial was ordered. Thereafter the solicitor took a *nolle prosequi* with leave. *Held:* Defendant may not object thereto on the ground that the proceeding denied him his constitutional right to a speedy trial, since the defendant does not have the right to compel the State to prosecute him if it elects not to do so.

APPEAL by defendant from *Johnson, J.,* August, 1965 Criminal Session, ORANGE Superior Court.

This criminal prosecution was founded upon a bill of indictment signed by Thomas J. Cooper, Solicitor, and submitted by him to the Grand Jury and returned a true bill by that body at its February, 1964 Session, Orange Superior Court. The indictment charged that on January 3, 1964, the defendant "did unlawfully, wilfully and intentionally enter upon the premises of Austin Watts . . . located on Route 3, Chapel Hill, North Carolina, . . . Watts being then and there in peaceable possession, and the said Peter Klopfer, after being ordered to leave the said premises willfully and unlawfully refused to do so, knowing he . . . had no license therefor . . . etc."

At the March, 1964 Special Criminal Session, the defendant, represented by counsel of his own selection, entered a plea of not guilty. The issue raised by the indictment and the plea was submitted to the jury which, after deliberation, was unable to agree as to the defendant's guilt. The court declared a mistrial and ordered the case set for another hearing. Thereafter, the record discloses the following.

"No. 3556 — State v. Peter Klopfer

"The State moves the Court that it be allowed to take a nol pros with leave. The motion is allowed. Defendant takes exception to the entry of the nol pros with leave and gives notice of appeal in open court."

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*
*Wade H. Penny, Jr., for defendant appellant.*

HIGGINS, J. The appellant challenged the right of the solicitor, even with the approval of the judge, to enter a *nolle prosequi* with leave in the criminal prosecution pending against him in the Superior Court. Stated another way, he insists his objection takes away from the solicitor and the court the power and authority to enter the order. The reason assigned is that the procedure denies him his constitutional right of a speedy trial.

When a *nolle prosequi* is entered there can be no trial without a further move by the prosecution. The further move must have the sanction of the court. When a *nolle prosequi* is entered, the case may be restored to the trial docket when ordered by the judge upon the solicitor's application. When a *nolle prosequi with leave* is entered, the consent of the court is implied in the order and the solicitor (without further order) may have the case restored for trial. "A *nolle prosequi*, in criminal proceedings, is nothing but a declaration on the part of the solicitor that he will not, at that time, prosecute the suit further. Its effect is to put the defendant without day, that is, he is discharged and permitted to go whithersoever he will, without entering into a recognizance to appear at any other time." *Wilkinson v. Wilkinson,* 159 N.C. 265, 74 S.E. 740; *State v. Thornton,* 35 N.C. 256. Without question a defendant has the right to a speedy trial, if there is to be a trial. However, we do not understand the defendant has the right to compel the State to prosecute him if the state's prosecutor, in his discretion and with the court's approval, elects to take a *nolle prosequi*. In this case one jury seems to have been unable to agree. The solicitor may have concluded that another go at it would not be worth the time and expense of another effort.

In this case the solicitor and the court, in entering the *nolle prosequi* with leave followed the customary procedure in such cases. Their discretion is not reviewable under the facts disclosed by this record. The order is

Affirmed.