JOHN HATCH v. WILLIAM COHEN.

*Action for Malicious Prosecution—Nolle Prosequi, effect of.*

In an action for malicious prosecution the plaintiff must allege and prove a legal determination of the original action. And where a *nolle prosequi* was entered of record, and the defendant discharged, it is such a conclusion of the original action as will entitle the plaintiff to sue.

(*Murray* v. *Lackey*, 2 Murp., 368; *Rice* v. *Ponder*, 7 Ired., 390, cited and approved.)

CIVIL ACTION for damages for a malicious prosecution tried at December Special Term, 1880, of LENOIR Superior Court, before *Seymour, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. Manly, Simmons & Manly*, for plaintiff.
*Messrs. W. T. Dortch, W. E. Clarke* and *Merrimon & Fuller*, for defendant.

RUFFIN, J. The plaintiff in this action sues the defendant for having maliciously prosecuted him on a charge of burglary, and on the trial below several exceptions were taken for the defendant who is the appellant, but as only one has been insisted on in this court it is needless to state more of the case than is sufficient to present the point.

In his complaint the plaintiff alleged that after a bill of indictment for burglary had been found against him on his oath and at the instance of the defendant, a *nolle prosequi* had been entered by the solicitor with the consent of the presiding judge and at the express request of the defendant, and thereupon he had been discharged out of custody—all of which was admitted in the answer.

When the case was called for trial, the defendant's counsel moved to dismiss the plaintiff's action upon the ground that a *nolle prosequi* was not such an end to the criminal

action against the plaintiff as would enable him to maintain his action against the defendant, which motion was denied by the presiding judge and the defendant excepted.

All the authorities agree in saying that in an action like the present one, the plaintiff must allege and prove a legal determination of the original action, but they differ as to whether the entry of a *nolle prosequi* in a criminal prosecution is such a determination of it as will justify the bringing of the other action. In this state that exact point has never been before this court; but, as it seems to us, a principle has been settled in some of its decisions, from which by analogy we are enabled to arrive at a conclusion in regard to it. In the case of *Murray* v. *Lackey*, 2 Murp., 368, the plaintiff had been arrested, at the instance of the defendant, upon a charge of perjury, and after a preliminary trial before a justice was recognized for his appearance at court where he attended during the term, but at its expiration was allowed to depart without further security for his appearance, no indictment having been preferred against him. It was held that under these circumstances an action for a malicious prosecution would lie, the failure of the state to send a bill and require other security of the party being equivalent, as it was said, to an order *for his discharge*. And so it was held in the case of *Rice* v. *Ponder*, 7 Ired., 390, in which the plaintiff had been arrested on the oath of the defendent upon a charge of larceny, and after examination by a justice was held to security for his appearance at court, where he appeared but was allowed to go without further security, no bill having been sent against him, but an entry made on the docket "that the solicitor was of the opinion that the charge could not be sustained," the court observing that it was clear from the memorandum on the docket that "the proceeding against the party was intended and considered to be at an end." From these two cases we learn that although a plaintiff in an action for a malicious prosecution may not have been

actually acquitted of the offense originally alleged against him, he may still maintain his action, provided he has been discharged and allowed to go without day in the original action, or if the order of the court has been such as to amount to a discharge.

But it is said that after a *nolle prosequi,* the original prosecution may be resumed and the plaintiff be yet convicted of the offence with which he was charged by the defendant. So it might have been done in both of the instances cited above, and therefore it does not appear that this court has (as some other courts have done) adopted that as the test to determine when an action for a malicious prosecution will lie ; but rather the fact of the plaintiff's discharge and the intent with which it was allowed; whether or not it was intended to be final.

In the case before us, there can be no doubt as to the plaintiff's discharge from the indictment against him, for that was express, and as it seems to us there can be as little about the intent with which it was done. It is stated in the complaint that the solicitor " after examining all the facts connected with the charge or in any manner concerning the same, by leave of the presiding judge, entered a *nol. pros.* in the case, and it was then and there ordered by the judge, with the assent of the solicitor, that the plaintiff be *discharged out of custody,*" and no part of this is denied in the defendant's answer. Indeed, so far from denying it, he expressly states that he himself " went frequently to the solicitor and requested *that the case against the plaintiff should be dismissed;* and that it was in consequence of such appeals that he was discharged."

Applying to these facts the principles deduced from the cases cited, we cannot see how His Honor could have done otherwise than he did, in refusing to dismiss the plaintiff's action. If the plaintiff's action will not lie now, when will it?

No error.                                    Affirmed.