### ROSCOE TAYLOR v. B. C. HODGE.

(Filed 1 December, 1948.)

**1. Trial § 22b—**

The defendant's evidence in contradiction to that of plaintiff is not to be considered in determining the sufficiency of the evidence to overrule nonsuit.

**2. Malicious Prosecution § 1a—**

To make out a case of malicious prosecution it is necessary that the plaintiff show (1) malice; (2) want of probable cause; and (3) favorable termination of the proceeding upon which the action is based.

**3. Malicious Prosecution § 5—**

A *nolle prosequi* is a sufficient termination of a criminal action to support an action for malicious prosecution.

**4. Malicious Prosecution § 4—**

In an action for malicious prosecution, constructive malice may be inferred from want of probable cause.

**5. Malicious Prosecution § 3—**

Want of probable cause is a mixed question of law and fact.

**6. Malicious Prosecution § 10—**

The evidence tended to show that, incident to a controversy between them, plaintiff refused to surrender possession of defendant's saw until defendant returned plaintiff's brace and bit, and that on the following day defendant swore out a warrant charging plaintiff with larceny of the saw. *Held:* The question of want of probable cause is for the determination of the jury upon the basis of whether a man of ordinary prudence and intelligence under the circumstances would have known that the charge of larceny had no reasonable foundation.

**7. Malicious Prosecution § 3—**

The fact that the recorder has found probable cause for the purpose of binding plaintiff over for trial in the Superior Court upon the charge, does not conclude plaintiff in an action for malicious prosecution when a *nol. pros.* has been taken in the Superior Court.

DEFENDANT'S appeal from *Edmundson, Special Judge,* April Term, 1948, WAKE Superior Court.

*E. D. Flowers and J. B. Bilisoly for plaintiff, appellee.*
*L. A. Doub and Sam J. Morris for defendant, appellant.*

SEAWELL, J.   This action was brought to recover damages for an alleged malicious prosecution of the plaintiff by the defendant in a criminal action falsely charging him with stealing an "electric skil saw"— an automatic carpenter's tool belonging to the defendant.

The complaint and answer are not involved in the exceptions and present no novel features.   The sole exception is to the overruling of the defendant's demurrer to the evidence and motions for judgment as of nonsuit.   On the trial the plaintiff's evidence in substantial summary tended to show as follows:

The plaintiff had served the defendant as carpenter foreman for about six years and in that capacity had charge of all the tools used, including the saw over which the controversy arose.   Most of the time it was kept in the store, but when not there it was kept on plaintiff's porch.   It had been used on the job on the Saturday morning when plaintiff quit work and was sitting in the little house next to defendant's where they had been working.   It was brought to the porch and left there.   The plaintiff testified that he had possession of all the tools when he was on the job and Mr. Hodge told him to take the skill saw.

The plaintiff wished to take employment where he was offered more money and told the defendant so.   This the defendant resented and an acrimonious discussion followed.

There was no concealment of the saw or its location.   However, Hodge was in possession of a brace and bit belonging to the plaintiff which had been borrowed and which he wanted returned.   Hodge refused to return the brace and bit, saying that Taylor had treated him "damned dirty" in leaving him; that he would never get the brace and bit.   Thereupon Taylor refused to give up the saw until Hodge brought back the bit. After threatening to take out claim and delivery for the saw, the defendant angrily left the house, demanding, however, that plaintiff vacate the house next day.

On the following Friday the plaintiff was arrested on a warrant sworn out by the defendant, charging him with stealing the saw.   At the hearing before the recorder's court of Wendell, Taylor was bound over to the Superior Court, where in due time a *nolle prosequi* was taken, terminating the case.

Plaintiff testified as to the publicity given the charge of theft and incident damage to his reputation, and loss of employment.

The defendant's evidence differed from the plaintiff's at material points; but on the motion to nonsuit its comparative force and effect was a matter for the jury.

To make out a case of malicious prosecution it is necessary that the plaintiff show (1) malice; (2) want of probable cause; and (3) favorable termination of the proceeding upon which his action is based. *Perry v. Hurdle, ante,* 216, 49 S. E. (2) 400; *Melton v. Rickman,* 225 N. C. 700, 36 S. E. (2) 276; *Miller v. Greenwood,* 218 N. C. 146, 10 S. E. (2) 708; *Wingate v. Causey,* 196 N. C. 71, 72, 144 S. E. 530; *Railroad v. Hardware Co.,* 138 N. C. 175, 50 S. E. 571.

Favorable termination of criminal action against the plaintiff is sufficiently shown by *nolle prosequi* in the Superior Court; *Wilkinson v. Wilkinson,* 159 N. C. 265, 74 S. E. 740; *Hatch v. Cohen,* 84 N. C. 602; there is evidence of express malice in the defendant's conduct, not merely of a general nature, but in specific application to the transaction under review; and constructive malice may be inferred from want of probable cause and reckless disregard of plaintiff's rights under reasonable notice thereof; the defense is, therefore, more particularly addressed to the question of probable cause.

What is probable cause, and what constitutes a lack of it,—both positive and negative conditions,—have been frequently and variously defined. *Wilkinson v. Wilkinson, supra; Hatch v. Cohen, supra; Bowen v. Pollard,* 173 N. C. 129, 91 S. E. 711; 34 Am. Jur., Malicious Prosecution, sec. 47, and cited cases. Under any definition given, we cannot see how the defendant can avoid the unfavorable inferences to be drawn from his conduct with respect either to its malicious motivation or want of probable cause.

Want of probable cause is regarded as a mixed question of law and fact. *Wilkinson v. Wilkinson, supra; Bowen v. Pollard, supra; Rawls v. Bennett,* 221 N. C. 127, 19 S. E. (2) 126. On the factual side the jury had evidence tending to show circumstances which would seem to assure a normal person of average intelligence that the charge of stealing had no reasonable foundation, was wanting in the essential of probable cause. While the ordinary layman may not know, technically, all the elements entering into the crime of larceny, the nature of the offense is too well understood and popularly recognized to permit withdrawal from the jury the inference that the defendant acted against his own light—laid the charge regardless of facts within his knowledge which should have convinced a man of ordinary prudence and intelligence of the plaintiff's innocence of that crime; and the inferences from the evidence were such as must be left to the jury upon the issue whether such probable cause actually existed. *Bowen v. Pollard, supra.*

This defense urges that the finding of probable cause by the recorder incidental to binding Taylor over to the Superior Court concludes him on that issue and entitles defendant to a nonsuit.

Had the recorder so found, in passing on a matter within his jurisdiction to try and determine, that conclusion might be sound. But courts of final jurisdiction have been slow to concede that finality of result to courts of Justices of the Peace and similar courts where jurisdiction in the premises is confined to preliminary examination for purpose of holding the accused for subsequent trial only; at most holding that it is *prima facie* evidence, but not conclusive. 34 Am. Jur., p. 744, sec. 65; *Bowen v. Pollard, supra; Young v. Hardwood Co.,* 200 N. C. 310, 156 S. E. 501; *Kelly v. Shoe Co.,* 190 N. C. 406, 130 S. E. 32; *Mitchem v. Weaving Co.,* 210 N. C. 732, 188 S. E. 329.

Even so, if the case went no further that might be necessarily true since the plaintiff must show that the action terminated favorably to him before his action can be brought. Whatever effect the finding of probable cause on preliminary examination for the purpose of holding the accused for subsequent trial in the proper court might have on the issue generally, it is not necessary for us to say; in any event it is not, in this jurisdiction, conclusive upon the plaintiff in the prosecution of his suit when the prosecution upon which it is based has terminated favorably to him. *Hatch v. Cohen, supra.* In this case and others above cited the factual situation was parallel, showing the accused to have been bound over in the preliminary court.

The evidence was sufficient to be submitted to the jury, and they have answered. We find

No error.