CLAY HOWARD HAWKINS v. EDNA SHAW HAWKINS

No. 7621SC559

(Filed 5 January 1977)

1. **Malicious Prosecution § 1— elements of offense**

    To make out a case of malicious prosecution it is necessary that the plaintiff show (1) malice, (2) want of probable cause, and (3) a favorable termination of the proceedings upon which his action is based.

2. **Malicious Prosecution § 13— criminal proceedings instituted by defendant — sufficiency of evidence of malicious prosecution**

    In an action to recover for malicious prosecution of plaintiff by defendant based on three criminal actions, the trial court erred in directing verdict for defendant where plaintiff's evidence tended to show that of the three proceedings instituted against him by defendant, two were dismissed and the third resulted in acquittal; evidence of the dismissal of two of the charges against plaintiff was a suffi-

Hawkins v. Hawkins

cient showing of want of probable cause; and the inference arising from want of probable cause was sufficient to take to the jury the question of whether malice was present.

**3. Trover and Conversion § 1— conversion of mobile home — sufficiency of evidence**

In an action to recover for the wrongful conversion of a mobile home, the trial court erred in directing verdict for defendant where plaintiff's evidence tended to show ownership in himself and an un-authorized exercise of dominion and control over the mobile home by defendant; moreover, the fact that plaintiff had obtained a judg-ment against a third person to whom defendant had sold the mobile home would not bar plaintiff's claim against defendant, since each party participating in a wrongful conversion may be sued by the owner without the joinder of the other because each is jointly and severally liable.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 16 April 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 18 November 1976.

In this action, instituted 13 September 1974, plaintiff seeks to recover on two claims for relief: (1) for malicious prosecution of plaintiff by defendant based on three criminal actions, and (2) for the wrongful conversion of a mobile home. The parties stipulated that they were previously married; that on 24 March 1960 they acquired as tenants by the entirety a house and lot at 2962 East Sprague Street in Winston-Salem; and that upon their divorce in May, 1974 they became owners of the property as tenants in common.

Plaintiff's evidence tended to show:

On 28 August 1973 defendant obtained a warrant charging plaintiff with trespass on "the lands of Edna Hawkins . . . Located at 2962 E. Sprague St., Winston-Salem, N. C." On 2 March 1974 defendant signed a warrant charging plaintiff with depositing trash and litter consisting of 100 black tacks "in the driveway of Edna Hawkins, located at 2962 E. Sprague St." On 1 July 1974 she obtained a warrant charging plaintiff with trespassing on "the lands of Edna Shaw Hawkins located at 2962 Sprague St." Plaintiff was tried for littering and found not guilty. He was never tried for trespassing and both of the trespass charges were dismissed.

In 1969 or 1970 plaintiff purchased a 1963 Scenic model mobile home in which he and defendant lived until they separated in 1971. They both moved out of the mobile home and it

remained vacant until later that year when defendant sold it to Henry Foster for $500. Defendant told Foster that she could not give him a certificate of title because plaintiff had erased her name from the title. Plaintiff obtained the certificate of title in 1969 or 1970 but misplaced it. A new certificate of title, issued on 5 June 1972, was introduced into evidence. Plaintiff received no money from the sale of the mobile home by defendant. Since the sale, plaintiff has obtained a judgment against Foster for conversion of the mobile home.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict as to both claims for relief. The trial court granted the motion and from judgment entered for defendant, plaintiff appealed.

*Westmoreland and Sawyer, by Barbara C. Westmoreland and Gregory W. Schiro, for plaintiff appellant.*

*Wilson and Morrow, by John F. Morrow, for defendant appellee.*

BRITT, Judge.

Plaintiff contends that the trial court erred in granting a directed verdict for defendant at the close of plaintiff's evidence. We think the contention has merit.

[1]   To make out a case of malicious prosecution it is necessary that the plaintiff show (1) malice, (2) want of probable cause, and (3) a favorable termination of the proceedings upon which his action is based. *Taylor v. Hodge,* 229 N.C. 558, 50 S.E. 2d 307 (1948).

[2]   Plaintiff has shown a favorable termination of all three proceedings which were instituted against him by defendant. He showed that both trespass charges were dismissed prior to trial and that he was acquitted of the littering charge. This constituted a sufficient showing of a favorable termination in plaintiff's favor.

We now consider want of probable cause. "Probable cause, in cases of this kind [malicious prosecution], has been properly defined as the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." *Morgan v. Stewart,* 144 N.C. 424, 57 S.E. 149 (1907); *Cook v. Lanier,* 267 N.C. 166, 147 S.E. 2d 910

(1966). Want of probable cause is regarded as a mixed question of law and fact. *Taylor v. Hodge, supra.*

As stated in *Cook v. Lanier, supra:* "Evidence that the chief aim of the prosecution was to accomplish some collateral purpose, or to forward some private interest . . . is admissible, both to show the absence of probable cause and to create an inference of malice, and such evidence is sufficient to establish a *prima facie* want of probable cause." In *Abbitt v. Bartlett,* 252 N.C. 40, 44, 112 S.E. 2d 751, 754 (1960), our Supreme Court also said: "It is well established with us that when a committing magistrate, as such, examines a criminal case and discharges the accused, his action makes out a *prima facie* case of want of probable cause . . . . " However, the acquittal of a defendant by a court of competent jurisdiction does not make out a *prima facie* case of want of probable cause. *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609 (1950).

We think the evidence showing the dismissal of the two trespass charges against plaintiff was a sufficient showing of want of probable cause.

Next, we consider malice, the third essential element of an action for malicious prosecution. "Although a want of probable cause may not be inferred from malice, the rule is well settled that malice may be inferred from want of probable cause, e.g., as where there was a reckless disregard of the rights of others in proceeding without probable cause." *Cook v. Lanier,* 267 N.C. at 170, 147 S.E. 2d at 914. Malice sufficient to take the case to the jury may be inferred from the want of probable cause. *Brown v. Martin,* 176 N.C. 31, 96 S.E. 642 (1918). *Mitchem v. Weaving Co.,* 210 N.C. 732, 188 S.E. 329 (1936). We think that the inference arising from want of probable cause is sufficient in the present case to take to the jury the question of whether malice was present.

We hold that plaintiff presented sufficient evidence to establish, *prima facie,* the three elements of malicious prosecution set forth in *Taylor v. Hodge, supra.*

Plaintiff also contends that the trial court erred in directing a verdict for defendant with respect to his claim for conversion of the mobile home. This contention has merit.

Conversion is defined as " 'an unauthorized assumption and exercise of the right of ownership over goods or personal chat-

tels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Wall v. Colvard, Inc.*, 268 N.C. 43, 149 S.E. 2d 559 (1966); *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975). "A sale of the personal property of another person is an actionable conversion where it is wrongful or unauthorized by law or the consent of the owner and is in defiance of his rights." 89 C.J.S., Trover and Conversion § 48.

[3] Taking the evidence in the light most favorable to plaintiff, we think the evidence presented was sufficient to take the case of wrongful conversion to the jury. Plaintiff has sufficiently shown ownership in himself and an unauthorized exercise of dominion and control over the mobile home by defendant. As a bar to this claim defendant argues the fact that plaintiff has obtained a judgment against Mr. Foster to whom defendant sold the mobile home. This argument is not persuasive. Each party participating in a wrongful conversion may be sued by the owner without the joinder of the other, since each is jointly and severally liable. *Denny v. Coleman*, 245 N.C. 90, 95 S.E. 2d 352 (1956). We hold that the trial court erred in granting the motion for a directed verdict as to the claim for conversion.

We have considered the other assignments of error argued in plaintiff's brief but deem it unnecessary to discuss them as they probably will not arise upon a retrial of this cause.

For the reasons stated, the judgment directing a verdict for defendant is reversed and the cause is remanded.

Judgment reversed and cause remanded.

Judges VAUGHN and MARTIN concur.