RICHARD PITTS v. VILLAGE INN PIZZA, INC.

No. 10

(Filed 28 November 1978)

1. **Rules of Civil Procedure § 56.4— defendant's motion for summary judgment— plaintiff's reliance on complaint**

Plaintiff could not rely on his complaint alone to defeat defendant's motion for summary judgment where the motion was accompanied by competent evidentiary matters in support of it.

2. **Malicious Prosecution § 1— elements of action**

To make out a case of malicious prosecution, plaintiff must show (a) malice, (b) want of probable cause, and (c) a favorable termination of the proceeding upon which the action is based.

3. **Malicious Prosecution § 13.3— implied malice—want of probable cause**

In a malicious prosecution case, implied malice may be inferred from want of probable cause in reckless disregard of plaintiff's rights.

4. **Malicious Prosecution § 6— favorable termination of prosecution—voluntary dismissal**

In a malicious prosecution case, favorable termination of an embezzlement charge against plaintiff was sufficiently shown by a voluntary dismissal of the charge in the superior court.

5. **Malicious Prosecution § 13.2— want of probable cause—conflicting evidence— no summary judgment**

In an action for malicious prosecution, conflicts in the evidence before the trial judge presented a jury question as to the existence of probable cause and precluded the entry of summary judgment for defendant where evidence that probable cause was found in the district court, that defendant was bound over to superior court and that the grand jury thereafter found a true bill of indictment tended to show prima facie the existence of probable cause, and evidence of a voluntary dismissal of the prosecution by the assistant district attorney in charge of the case with no reason assigned for the dismissal tended to show prima facie the absence of probable cause.

6. **Rules of Civil Procedure § 56.4— summarŷ judgment—stipulations—materials in conflict—no moving party**

When supporting documents and materials are stipulated into evidence for consideration by the court upon motion for summary judgment, and the stipulated materials are in conflict and support opposing conclusions with respect to a material fact, the non-moving party may not be charged with failure to offer rebuttal evidence and thus incur dismissal by way of summary judgment.

ON certiorari to review decision of the Court of Appeals affirming judgment of *Tillery, J.*, allowing defendant's motion for summary judgment entered 9 November 1976 in WAYNE Superior Court.

On 14 May 1976 plaintiff brought this action alleging, among other things, that he was wrongfully discharged from his job as manager of the Village Inn Pizza in Goldsboro and was indicted for embezzlement of funds belonging to the company and in his control as manager; that he was served with a criminal warrant for embezzlement, appeared in the Criminal District Court of Wayne County where the presiding judge found probable cause and bound him over to superior court for trial; that on 17 February 1976 the district attorney took a voluntary dismissal in the case; that defendant acted maliciously in procuring the instigation of the criminal action against him; that as a result of defendant's malicious prosecution of him, plaintiff's reputation and future ability to obtain and hold a responsible job has been diminished and plaintiff has been damaged in the sum of $5,000 actual damages and $300,000 as punitive damages.

On 10 June 1976 defendant moved for summary judgment on the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

When defendant's motion for summary judgment came on for hearing before Judge Tillery, it was agreed by counsel for both parties that the court could examine the records in the case of "*State v. Richard D. Pitts*," File No. 75CR5014. That was done and the following documents from that file are, by stipulation, "treated as Exhibits without further identification or proof for the purposes of this appeal," to wit:

Complaint for arrest
Judgment in district court on probable cause hearing
Indictment
Arraignment
Dismissal by prosecutor
Order of payment for legal services for indigent

Following an examination of the pleadings, the records in the clerk's office in the action entitled "*State v. Richard D. Pitts*" (File No. 75CR5014), and upon hearing the argument of counsel

for both parties, the court found that "the following facts exist without controversy:

"1. On or about February 15, 1974, the plaintiff was induced to obtain employment with the defendant at a salary rate of $800.00 per month, plus a bonus of 8% of the net profits.

2. That on or about April 21, 1975, the plaintiff was discharged from his employment by the defendant.

3. That at the time of his discharge, the plaintiff alleges that he was owed one month bonus and six days salary and the amount of such salary and bonus has not been alleged by the plaintiff.

4. On or about April 22, 1975, the plaintiff in this action was served with a valid warrant for arrest charging him with the crime of embezzlement, and the complainant on such warrant was Sergeant R. D. Hart of the Goldsboro Police Department.

5. On or about August 14, 1975, the plaintiff appeared before the Honorable Herbert W. Hardy in the Wayne County District Court, Criminal Division, for the purpose of a probable cause hearing. At the conclusion of such hearing the Honorable Herbert W. Hardy entered an order finding that probable cause existed and ordered that the plaintiff in this action be bound over for trial in the Wayne County Superior Court.

6. On or about August 25, 1975, a duly authorized Wayne County Grand Jury returned a true bill of indictment against the plaintiff in this action charging him with the crime of embezzlement.

7. On or about February 17, 1976, the Assistant District Attorney of the Eighth Judicial District, the Honorable Ken Ellis, voluntarily dismissed the action then pending against the plaintiff in this action.

8. The warrant for arrest, probable cause order, the bill of indictment, and dismissal were all entered in the case entitled "*State vs Richard D. Pitts*," said case bearing File No. 75 CR 5014. It was agreed by counsel for both parties that

the court could examine the records contained in 75 CR 5014; and that the plaintiff's claim for relief in this action is based upon the alleged institution of the action against the plaintiff in case No. 75 CR 5014."

Based upon the enumerated findings of fact the court concluded as a matter of law that (1) plaintiff and defendant did not have a contract of employment for a fixed or definite duration and such employment was terminable at the will of either party, and (2) at the time the warrant for plaintiff's arrest in this action was issued probable cause existed for the institution of such action.

Based upon the findings and conclusions above set out, Judge Tillery ordered:

1. That defendant's motion for summary judgment as to plaintiff's claim for relief based upon the tort of wrongful discharge be allowed.

2. That defendant's motion for summary judgment as to plaintiff's claim for relief based on the tort of malicious prosecution be allowed.

3. That plaintiff be given thirty days in which to amend his complaint to allege a cause of action based on defendant's failure to pay one month's bonus and six days' salary allegedly owed the plaintiff by defendant.

On plaintiff's appeal, the Court of Appeals affirmed, 35 N.C. App. 270, 241 S.E. 2d 155 (1978), and we allowed certiorari to review that decision.

*Barnes, Braswell & Haithcock by Michael A. Ellis, attorneys for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker by Robert D. Walker, Jr., attorneys for defendant appellee.*

HUSKINS, Justice.

Upon argument of the case in this Court plaintiff's counsel stated that he was not pursuing any claim for wrongful discharge or for punitive damages but was seeking only actual damages of $5,000 for malicious prosecution. We therefore treat as abandoned

his claim for damages for wrongful discharge and his claim for punitive damages for malicious prosecution. There remains for determination by this Court the question whether the Court of Appeals erred in affirming the order of Judge Tillery allowing defendant's motion for summary judgment as to plaintiff's claim for actual damages based upon the tort of malicious prosecution.

We have applied the guiding principles applicable to summary judgment under Rule 56, Rules of Civil Procedure, in many cases including *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972); *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Harrison Associates v. State Ports Authority*, 280 N.C. 251, 185 S.E. 2d 793 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Our Rule 56 and its federal counterpart are practically identical. Decisions both state and federal hold that the party moving for summary judgment has the burden of "clearly establishing the lack of any triable issue of fact by the record properly before the Court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." 6 Moore's Federal Practice § 56.15[8] at 642 (2d ed. 1976). The language of the rule itself conditions rendition of summary judgment upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(b); *Kessing v. Mortgage Corp., supra.*

[1] Rule 56(e) provides, among other things: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Thus, plaintiff here cannot rely on his complaint alone to defeat defendant's motion for summary judgment since the motion is accompanied by competent evidentiary matters in support of it.

Even so, the movant always has the burden of showing that there is no triable issue of fact and that movant is entitled to judgment as a matter of law; and the party opposing the motion "may yet succeed in defending against the motion for summary judgment if the evidence produced by the movant and considered by the court is insufficient to satisfy the burden." *Page v. Sloan,* *supra,* 281 N.C. at 705, 190 S.E. 2d at 194, and cases cited. "Where by the nature of things, the moving papers themselves demonstrate that there is inherent in the problem a factual controversy then, while it is certainly the part of prudence for the advocate to file one, a categorical counter-affidavit is not essential." *Inglett and Co. v. Everglades Fertilizer Co.,* 255 F. 2d 342, 348 (5th Cir. 1958). Or, as stated differently but to the same effect in *Murphy v. Light,* 257 F. 2d 323, 326 (5th Cir. 1958): "Where the moving papers affirmatively disclose that the nature of the controversy presents good faith, actual, as distinguished from formal, dispute on one or more material issues, summary judgment cannot be used."

In light of the foregoing principles, we now consider the materials and documents presented in support of defendant's motion together with the agreement of the parties with respect thereto.

Due consideration of the documents and materials offered by defendant, *i.e.,* the "exhibits" and the agreement of counsel for Judge Tillery to examine them, leads us to conclude that the granting of summary judgment by the trial court was erroneous. The evidence produced and considered by the court is insufficient to satisfy movant's burden of showing no triable issue of fact and that movant is entitled to judgment as a matter of law. The documents and materials were presented by agreement of the parties and must therefore be considered as supporting evidence for both sides.

[2] To make out a case of malicious prosecution, plaintiff must show (a) malice, (b) want of probable cause, and (c) a favorable termination of the proceeding upon which the action is based. *Taylor v. Hodge,* 229 N.C. 558, 50 S.E. 2d 307 (1948), and cases therein cited.

[3, 4] Aside from express malice, which plaintiff may or may not be able to show at trial, implied malice may be inferred from

want of probable cause in reckless disregard of plaintiff's rights. *Taylor v. Hodge, supra; Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446 (1931). Favorable termination of the embezzlement charge against plaintiff is sufficiently shown by a voluntary dismissal of the charge in the superior court. *Taylor v. Hodge, supra; Wilkinson v. Wilkinson*, 159 N.C. 265, 74 S.E. 740 (1912); *Hatch v. Cohen*, 84 N.C. 602 (1881). Hence, the case here must rise or fall on the question of probable cause for the embezzlement prosecution.

In cases grounded on malicious prosecution, probable cause "has been properly defined as the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." *Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907). The existence or nonexistence of probable cause is a mixed question of law and fact. *Cook v. Lanier*, 267 N.C. 166, 147 S.E. 2d 910 (1966); *Taylor v. Hodge, supra*. If the facts are admitted or established it is a question of law for the court. *Carson v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609 (1950). Conversely, when the facts are in dispute the question of probable cause is one of fact for the jury.

[5]   A portion of the evidence placed before Judge Tillery tends to show prima facie the existence of probable cause, *i.e.*, that after a hearing before Judge Hardy probable cause was found and defendant was bound over to superior court for trial and the grand jury thereafter found a true bill of indictment. *Newton v. McGowan*, 256 N.C. 421, 124 S.E. 2d 142 (1962). A different portion of the evidence placed before Judge Tillery tends to show prima facie the absence of probable cause, *i.e.*, a voluntary dismissal of the prosecution by the assistant district attorney in charge of the case with no reason assigned for the dismissal. In this posture, we hold that there remains a genuine issue of material fact as to the existence of probable cause to prosecute plaintiff for embezzlement. The conflicts in the evidence before Judge Tillery present a jury question and summary judgment for defendant was improvidently granted.

[6]   When supporting documents and materials are stipulated into evidence for consideration by the court upon motion for summary judgment, and the stipulated materials are in conflict and support opposing conclusions with respect to a material fact, the

non-moving party may not be charged with failure to offer rebuttal evidence and thus incur dismissal by way of summary judgment. *See generally,* 6 Moore's Federal Practice §§ 56.23 at 1388, 56.11[1.8] at 202 (2d ed. 1976); *F & D Property Co. v. Alkire,* 385 F. 2d 97, 100 (10th Cir. 1967).

For the reasons stated the decision of the Court of Appeals upholding summary judgment for defendant is

Reversed.