An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-652

NORTH CAROLINA COURT OF APPEALS

Filed:  1 April 2014

ROBERT AND JACKIE ARMSTRONG,
      Plaintiffs


v.                                          Wayne County
                                            No. 10 CVD 1815

GLADYS MARIE VELASQUEZ,
      Defendant


Appeal by defendant from order entered 13 February 2013 by Judge Charles P. Gaylor, III, in Wayne County District Court. Heard in the Court of Appeals 7 November 2013.

> *Strickland Lapas & Associates, by Dustin B. Pittman, for Plaintiffs.*
>
> *The Webster Law Firm, by Walter S. Webster, for Defendant.*


ERVIN, Judge.


Defendant Gladys Marie Velasquez appeals from an order granting summary judgment in favor of Plaintiffs Robert and Jackie Armstrong with respect to the claims for breach of contract and malicious prosecution that they asserted against Defendant as the result of a series of events originating in a dispute arising from a contract under which Plaintiffs rented a tract of real property from Defendant on which a residence was

situated and had an option to purchase that property. On appeal, Defendant contends that the trial court erred by granting summary judgment in Plaintiffs' favor with respect to their breach of contract claim on the grounds that Plaintiffs failed to exercise their option in an effective manner and that the trial court's damage award had not been properly calculated and that the trial court erred by granting summary judgment in Plaintiffs' favor with respect to their malicious prosecution claim on the grounds that the record reveals the existence of a genuine issue of material fact with respect to the issue of whether Defendant acted without probable cause and with malice. After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Wayne County District Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

## A. Substantive Facts

On 7 November 2003, Plaintiffs entered into a contract with Defendant[1] which provided that:

---

[1]We are not entirely certain that either the actual contract between the parties or the request for admissions to which Defendant allegedly failed to respond were presented for the

1.    [Defendant] agrees to allow [Plaintiffs to] rent the home and land (3.93 acare) [sic] at 404 Woodview for the period of four years.

2.    [Plaintiffs] will pay the rent of $780.00 a month due on the 1st no later than the 5th of the month until ready to purchase for the asking price of $119,000.000.

3.    [Plaintiffs] will be responsible for all maintains [sic] and repairs with the exception of the central air unit for three months.

4.    [Defendant] agrees to allow [Plaintiffs] to cut back the tree line no more than 30 feet from [its] present area.

5.    [Plaintiffs] agree to improve the home by painting, wall papering, remolding and landscaping as needed at their own expense.

6.    At the time to purchase the home all money paid toward principal into rent plus deposit of $1000.00 will be applied as down payment at closing.

7.    If [Plaintiffs] decide not to buy the home and land, all money will be considered rent and the deposit of $1000.000 will be refunded.

---

trial court's consideration at the hearing held in connection with Plaintiffs' summary judgment motion. However, given that there does not appear to be any dispute that the documents that have been presented for our review on appeal are genuine, given that we would reach the same result even if we elected not to consider these documents, and given that a decision to consider these documents will help us to provide better guidance to the trial court on remand, we have determined that we should consider these documents in the course of resolving the matters at issue between the parties on appeal.

After entering into the contract, Plaintiffs made a total of 48 rent payments in the amount of $780 per month, resulting in a total payment of $37,440. In addition, Plaintiffs spent a total of $8,123 while improving the property. However, Plaintiffs lost the right to purchase the property from Defendant as the result of a foreclosure stemming from Defendant's failure to make the payments required under a note and deed of trust applicable to the property.

On 3 June 2009, Defendant obtained the issuance of warrants for arrest charging Ms. Armstrong with misdemeanor larceny in File No. 09-CR-53477. The misdemeanor larceny charge that Defendant had lodged against Ms. Armstrong was dismissed because Defendant failed to appear and because a similar claim had been dismissed with prejudice in a civil action. A similar warrant for arrest charging Mr. Armstrong with misdemeanor larceny and injury to real property was issued in File No. 09-CR-55791 on 2 October 2009 at Defendant's request. The misdemeanor larceny and damage to real property charges that Defendant had lodged against Mr. Armstrong were dismissed because Defendant failed to appear and because of the two previous dismissals. Plaintiffs claimed to have suffered humiliation, mental suffering, and loss of time and to have incurred attorneys' fees and court costs as

a result of Defendant's decision to initiate these criminal proceedings against them.

## B. Procedural Facts

On 30 July 2010, Plaintiffs filed a complaint seeking to recover damages from Defendant on the basis of breach of contract and malicious prosecution claims. On 28 February 2011, Defendant filed a responsive pleading in which she sought to have Plaintiffs' complaint dismissed, denied the material allegations of Plaintiffs' complaint, and asserted the statute of frauds and equitable estoppel as affirmative defenses. On 6 November 2012, Plaintiffs served a set of requests for admissions upon Defendant. On 2 January 2013, Plaintiffs filed a motion, which was accompanied by an unverified copy of their complaint, a copy of a discovery request that Plaintiffs had served upon Defendant, and affidavits signed by both Plaintiffs, seeking the entry of summary judgment in their favor.

After holding a hearing concerning the merits of Plaintiffs' motion on 4 February 2013, the trial court entered an order on 13 February 2013 granting Plaintiffs' motion for summary judgment and requiring Defendant to pay $46,563 in compensatory damages stemming from Plaintiffs' breach of contract claim and $10,000 in compensatory damages stemming from

Plaintiffs' malicious prosecution claim. Defendant noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). In reviewing an order granting summary judgment, our task is to "determine, on the basis of the materials presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." *Coastal Plains Utils., Inc. v. New Hanover Cnty.*, 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004) (citing *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, __ N.C. __, 276 S.E.2d 283 (1981)). The evidence that may be considered in deciding whether to grant or deny a summary judgment motion "includes admissions in the pleadings, depositions on file, answers to . . . interrogatories, admissions on file . . ., and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing v. Nat'l*

*Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). Although "'[a] verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein,'" *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings*, 196 N.C. App. 600, 605, 676 S.E.2d 79, 83-84 (quoting *Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972)), *disc. review denied*, 363 N.C. 655, 686 S.E.2d 518 (2009), "the trial court may not consider an unverified pleading when ruling on a motion for summary judgment." *Allen R. Tew, P.A. v. Brown*, 135 N.C. App. 763, 767, 522 S.E.2d 127, 130 (1999), *disc. review improvidently allowed*, 352 N.C. 145, 531 S.E.2d 213 (2000).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e). In order for this principle to become applicable, however, the moving party must "show the lack of a triable issue of fact and . . . that he is entitled to judgment as a matter of law." *Moore v. Crumpton*, 306 N.C. 618,

624, 295 S.E.2d 436, 441 (1982) (citing *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 131, 225 S.E.2d 797, 806 (1976), *mod. on other grounds in Green v. Duke Power Co.*, 305 N.C. 603, 606-08, 290 S.E.2d 593, 595-96 (1982)).[2] "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citing *Page*, 281 N.C. at 706, 190 S.E.2d at 194). As a result of the fact that "[s]ummary judgment is a 'somewhat drastic remedy,'" *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 434-35, 617 S.E.2d 664, 669 (2005) (quoting *Kessing*, 278 N.C. at 534, 180 S.E.2d at 830), trial courts should avoid granting summary judgment except in appropriate cases. A trial court's decision to grant a summary judgment motion is reviewed by this Court on a *de novo* basis. *Va. Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 385,

---

[2]Although Plaintiffs attempt to dissuade us from even considering Defendant's challenges to the trial court's order on the grounds that the arguments that she now advances were not presented to the trial court, we are not persuaded to act in the manner that Plaintiffs have suggested given that Defendant did appear at the hearing held with respect to Plaintiffs' summary judgment motion, that we have not been presented with any transcript of the proceedings held before the trial court, and that Plaintiffs at all times retained the obligation to establish the absence of a genuine issue of material fact as a prerequisite for obtaining the entry of summary judgment in their favor.

343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

An award of summary judgment is appropriate in a contract case "when the language of a contract is not ambiguous [and] no factual issue appears." *Metcalf v. Black Dog Realty*, LLC, 200 N.C. App. 619, 633, 684 S.E.2d 709, 719 (2009). "A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court"; on the other hand, "[i]f the agreement is ambiguous," "interpretation of the contract is a matter for the jury." *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 421-22, 547 S.E.2d 850, 852 (2001). "The trial court's determination of whether the language in a [contract] is ambiguous is a question of law . . . ." *Duke Energy Corp. v Malcolm*, 178 N.C. App. 62, 65, 630 S.E.2d 693, 695 (citing *Bicket v. McLean Sec., Inc.*, 124 N.C. App. 548, 553, 478 S.E.2d 518, 521 (1996), *disc. review denied*, 346 N.C. 275, 487 S.E.2d 538 (1997)), *aff'd*, 361 N.C. 111, 637 S.E.2d 538 (2006). "An ambiguity exists in a contract when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations." *Register v. White*, 358 N.C. 691, 695, 599 S.E.2d 549, 553 (2004).

## B. Breach of Contract Claim

In their first challenge to the trial court's order, Defendant contends that the trial court erred by granting summary judgment in Plaintiffs' favor with respect to their breach of contract claim. More specifically, Defendant contends that the trial court erroneously granted summary judgment in favor of Plaintiffs given that the record developed before the trial court contained no evidence tending to show that Plaintiffs ever properly exercised the option contained in the parties' agreement even though the alternative of properly exercising the option was left open for a reasonable time and given that the trial court erroneously allowed Plaintiffs to recover their rental payments and their expenditures for maintenance of and improvements to the property as damages with respect to their breach of contract claim. Defendant's arguments have merit.

> "An option to purchase real property may be defined as a contract by which an owner of real property agrees with another person that the latter shall have the privilege of buying the property at a specified price within a specified time, or within a reasonable time in the future, and which imposes no obligation to purchase upon the person to whom it is given. Until the holder or owner of an option for the purchase of property exercises it, he has nothing but a mere right to acquire an interest, and has neither the ownership of nor any interest in the property itself."

*Sandlin v. Weaver*, 240 N.C. 703, 707, 83 S.E.2d 806, 809 (1954) (quoting 55 Am. Jur., *Vendor and Purchaser* § 27). In the event that an option or contract to purchase, like the option contract at issue here, does not specify the time within which the right to buy may be exercised, the right must be exercised within a reasonable time, *Lewis v. Allred*, 249 N.C. 486, 490, 106 S.E.2d 689, 692 (1959), with time being of the essence of an option contract, *Douglass v. Brooks*, 242 N.C. 178, 185, 87 S.E.2d 258, 263 (1955), and with the determination of whether an option was exercised within a reasonable time being a mixed question of law and fact unless the relevant facts are simple and do not permit the trier of fact to reach more than one determination. *Yancey v. Watkins*, 17 N.C. App. 515, 519-20, 195 S.E.2d 89, 93, *cert. denied*, 283 N.C. 394, 196 S.E.2d 277 (1973). Similarly, "'[w]here no terms are stated, it would seem that the contract should be interpreted to mean payment in cash since this would be in accord with common practice.'" *Kidd v. Earley*, 289 N.C. 343, 359, 222 S.E.2d 392, 403 (1976) (quoting T. Christopher, *Options to Purchase Real Property in North Carolina*, 44 N.C.L. Rev. 63, 72 (1965)).

Although the parties agree that a valid option agreement existed between them, the record contains conflicting evidence concerning the extent, if any, to which Plaintiffs properly

exercised their rights under that agreement in a timely manner. On the one hand, Defendant contends that Plaintiffs' failure to tender the $119,000 purchase price within a reasonable time meant that they failed to exercise their option to purchase the property in a proper manner and cannot successfully maintain a breach of contract action against her for that reason. Plaintiffs, on the other hand, contend that the fact that Defendant allowed a creditor to foreclose upon the property before the expiration of the time within which they were entitled to exercise their rights under the option obviated the necessity for them to make a showing that they properly exercised the option in a timely manner. However, given that the record does not contain any evidence concerning the date on which Defendant defaulted on her obligations relating to the property, the date upon which the foreclosure proceeding was instituted or completed, the date upon which the foreclosure sale took place, or the date upon which Plaintiffs learned that any of these events had occurred or were occurring, we are simply unable to determine whether Plaintiffs failed to properly exercise their rights under the option contract in a timely manner or whether Defendant's conduct deprived them of an adequate opportunity to do so.[3]

---

[3]Although Defendant contends that "a period of eighteen

Aside from the fact that the record discloses the existence of genuine issues of material fact concerning the extent to which Plaintiffs properly exercised their rights under the option agreement in a timely manner or were deprived of the ability to do so by Defendant's conduct, the record discloses the existence of an even more fundamental factual issue that must be resolved in order for their relative rights under the option agreement to be properly adjudicated. On the one hand, Plaintiffs argue that, since the option contract provided that they would pay rent "until [they were] ready to purchase [the home] for the asking price of $119,000.00," the agreement between the parties allowed them to exercise their rights whenever they were ready to do so rather than within a "reasonable time." On the other hand, Defendant argues that the fact that the option agreement provided that the property would only be rented "for the period of four years" contradicts Plaintiffs' contention that they had an indefinite period within

_____

months or a year-and-a-half elapsed between the last payment of rent on 7 November 2007 and foreclosure on 14 May 2009," the date of foreclosure upon which Defendant relies stems from allegations asserted in Plaintiffs' unverified complaint that Defendant declined to admit in her answer. As a result, the evidentiary forecast presented for the trial court's consideration simply does not establish the validity of either party's position concerning the issue of whether Plaintiffs failed to properly exercise their rights under the option in a timely manner or were deprived of the ability to do so by Defendant's conduct.

which to exercise their right to purchase the property. On the basis of the present record, we are unable to reach any conclusion other than that either position rests upon a reasonable interpretation of the language of the option agreement and that the presence of these potentially inconsistent contractual provisions suffices to render the option agreement ambiguous, effectively creating another issue of fact that must be resolved before the relative rights of the parties under that agreement can be established. As a result, for both of these reasons, we conclude that the trial court erred by granting summary judgment in favor of Plaintiffs with respect to their breach of contract claim.[4]

## C. Malicious Prosecution

Secondly, Defendant contends that the trial court erred by granting summary judgment in favor of Plaintiffs with respect to their malicious prosecution claim on the grounds that the record

[4]Aside from the issues highlighted in the text of this opinion, we note the existence of other factual issues that may have some bearing upon the proper resolution of Plaintiffs' breach of contract claim, such as the fact that the record does not establish the date upon which Plaintiffs apparently ceased making rental payments or the factors that led them to cease making those payments. Moreover, without making any conclusive determination concerning the lawfulness of the damage award approved in the trial court's order, we question the appropriateness of the trial court's decision to include the amount of their rental payments and the entire amount that Plaintiffs paid to improve the property in calculating the amount of damages that Plaintiffs were entitled to receive in compensation for Defendant's alleged breach of contract.

discloses the existence of a genuine issue of material fact concerning the extent to which Defendant initiated criminal proceedings against Plaintiffs in the absence of probable cause and with malice. Once again, we believe that Defendant's argument has merit.

The maintenance of a successful malicious prosecution claim requires the plaintiff to show that "(1) [the] defendant initiated the earlier proceeding; (2) malice on the part of [the] defendant in doing so; (3) [a] lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." *Best v. Duke Univ.*, 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994). A defendant has probable cause to initiate a criminal proceeding against the plaintiff for purposes of a malicious prosecution action in the event that the defendant was aware of "'the existence of such facts and circumstances, known to [the defendant] at the time, as would induce a reasonable man to commence a prosecution.'" *Cook v. Lanier*, 267 N.C. 166, 170, 147 S.E.2d 910, 914 (1966) (quoting *Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907)). Although the absence of probable cause and the existence of malice are separate components of a malicious prosecution claim, "implied malice may be inferred from want of probable cause in reckless disregard of

plaintiff's rights." *Pitts v. Village Inn Pizza*, 296 N.C. 81, 86-87, 249 S.E.2d 375, 379 (1978), *clarified in Best*, 337 N.C. at 751, 448 S.E.2d at 511. For that reason, "constructive malice may be inferred from want of probable cause and reckless disregard of plaintiff's rights under reasonable notice thereof." *Taylor v. Hodge*, 229 N.C. 558, 560, 50 S.E.2d 307, 308 (1948). On the other hand, while "[i]t is true that malice, in the sense the term is used in actions for malicious prosecution, may be inferred from want of probable cause, . . . it is not presumed from such fact alone." *Mitchem v. Nat. Weaving Co.*, 210 N.C. 732, 733, 188 S.E.2d 329, 329 (1936).

In the affidavits that they offered in support of their request for the entry of summary judgment in their favor with respect to their malicious prosecution claims, Plaintiffs forecast evidence that Defendant initiated criminal charges against them and that both charges or sets of charges were dismissed based upon Defendant's failure to appear and the fact that the issues before the court in those criminal cases had already been addressed in prior civil or criminal cases.[5] As a

---

[5]Although the parties have extensively discussed the extent to which certain inconsistencies between the information contained in Plaintiffs' complaint and in Plaintiffs' affidavits concerning the exact charges that Defendant initiated against Plaintiffs suffice to preclude an award of summary judgment in Plaintiffs' favor with respect to the malicious prosecution issue, we need not resolve that dispute given our determination

result, the undisputed evidence presented for the trial court's consideration at the summary judgment hearing shows that criminal proceedings were initiated against both Plaintiffs and that those cases were terminated in Plaintiffs' favor. *E.g.*, *Cook*, 267 N.C. at 170, 147 S.E.2d at 913 (holding that "[t]he dismissal of the criminal proceeding . . . by reason of the failure of the complainant to appear and prosecute is a sufficient termination thereof to support an action for malicious prosecution based thereon"). As a result, the only remaining question that we must resolve is whether the undisputed evidence contained in the present record sufficed to show that Defendant initiated the criminal proceedings underlying Plaintiffs' malicious prosecution claims with malice and without probable cause.

In support of their contention that the undisputed evidence established a lack of probable cause and the existence of malice, Plaintiffs rely on Defendant's failure to respond to their requests for admissions, one of which requested Defendant to admit that:

> you failed to truly assess the basis, specifically for probable cause, for your criminal matter against the Plaintiff following the first dismissal of her action,

that the trial court erred by granting summary judgment in Plaintiffs' favor with respect to their malicious prosecution claims on other grounds.

09 CR 52832, by prosecutors.

According to well-established North Carolina law, a matter "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." N.C. Gen. Stat. § 1A-1, Rule 36(a); *see also Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 162, 394 S.E.2d 698, 701 (1990) (stating that, "[i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request"). As a result, given that Defendant appears to have failed to respond to Plaintiffs' requests for admissions, we are required to assume for the purpose of deciding the issues raised by Defendant's challenge to the trial court's order that Defendant "failed to truly assess the basis, specifically for probable cause," for the criminal charges that she initiated against Plaintiffs.

Although Plaintiffs contend that a determination that Defendant failed to adequately investigate the validity of the charges that she initiated against them conclusively establishes that Defendant acted maliciously and lacked probable cause, we are not persuaded by that argument. In essence, Plaintiffs assume that Defendant's failure to conduct an adequate

investigation establishes that Defendant's claim lacked adequate factual support, an argument which, we believe, confuses proof of a deficiency in the procedures that Defendant utilized before initiating criminal proceedings against Plaintiffs with proof of a substantive deficiency in the validity of the charges that Defendant brought against Plaintiffs. Simply put, we do not believe that the mere fact that a litigant failed to conduct an adequate investigation before initiating criminal proceedings against someone else conclusively establishes that the litigant's claim was baseless. Thus, the evidentiary forecast that Plaintiffs provided to the trial court did not, in fact, establish that Defendant lacked probable cause at the time that she initiated criminal charges against Plaintiffs.

In addition, even if we were to assume that the evidentiary forecast that Plaintiffs presented to the trial court sufficed to establish a lack of probable cause, we are not persuaded that, at least in this instance, Plaintiffs forecast sufficient evidence to support a determination that Defendant acted with malice. Although, as we have already noted, a trier of fact may infer "constructive malice . . . from want of probable cause and reckless disregard of [a] plaintiff's rights under reasonable notice thereof," *Taylor*, 229 N.C. at 560, 50 S.E.2d at 308, "[t]he absence of probable cause is not the equivalent of

malice, nor does it establish malice *per se*, though it is evidence from which malice may be inferred," so that "[t]he presence or absence of malice in its final analysis is a question of fact to be determined by the jury, while probable cause is a mixed question of law and fact.") *Turnage v. Austin*, 186 N.C. 266, 268, 119 S.E. 359, 361 (1923). In other words, while a showing that Defendant acted in the absence of probable cause would support a jury determination that she acted with malice, it does not suffice to support an award of summary judgment in Plaintiffs' favor with respect to the malice issue. As a result, since the record reveals the existence of a genuine issue of material fact concerning the extent to which Defendant initiated criminal proceedings against Plaintiffs with malice and without probable cause, the trial court erred by granting summary judgment in favor of Plaintiffs with respect to their malicious prosecution claim.[6]

---

[6]Although we need not address the damages issue in any detail given our decision to reverse the trial court's decision to grant summary judgment in Plaintiffs' favor with respect to their malicious prosecution claim on liability-related grounds, we note that the trial court awarded Plaintiffs $10,000 in compensatory damages with respect to that claim based solely on Plaintiffs' conclusory assertions that they had "suffered humiliation, mental suffering, loss of time, attorney's fees and court costs" and had "been damaged in the amount of $10,000.00." At an absolute minimum, there is serious question about the extent to which such conclusory assertions provided adequate support for the damage award contained in the trial court's summary judgment order.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by granting summary judgment in favor of Plaintiffs with respect to both their breach of contract and malicious prosecution claims. As a result, the trial court's order should be, and hereby is, reversed and this case should be, and hereby is, remanded to the Wayne County District Court for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).